Foster *vs.* Thrasher.

FLEMMING JORDAN, Solicitor General, by brief, for the State.

45   517
.111   668

A. G. FOSTER, plaintiff in error, *vs.* EARLY W. THRASHER, defendant in error.

When, in a contest between judgment creditors, in the distribution of money raised from the sale of defendant's property, it was offered to prove the sayings of defendant, that the judgment of one of the creditors was paid, and it was alleged that there was proof of a conspiracy between the defendant and that creditor to keep open the execution with the intent to defraud other creditors:

*Held*, that the evidence was properly rejected, there being no proof of a conspiracy at the time the sayings sought to be proven were made.

In this case the evidence justifies the verdict, since, even admitting that the older *fi. fa.* is to be credited with $17,000 in 1864, there is still more due, apparently, upon it than the jury have found, even if the usury proved is a proper deduction, which we do not admit.

Money rule.  Evidence  Usury.  Before Judge ROBINSON. Morgan Superior Court.  March Adjourned Term, 1872.

Early W. Thrasher held an execution against Baldwin Copeland, issued from Green Superior Court, September Term, 1860,

for $15,989.52. ˙ A. G. Foster held an execution against said Copeland, issued from Greene Superior Court, March Term, 1863, for $4,039.09, principal, and $620.44, interest. Foster's execution was levied upon a house in Madison, on November 1st, 1867, which was sold by the sheriff on January 7th, 1868, for net sum of $2,159. In August or September, 1863, Copeland paid to Thrasher $17,000 in Confederate money, taking receipt for the same. This amount was not credited upon the execution because it was not at hand. After the sale Thrasher and Copeland agreed that the $17,000 Confederate currency should be counted as only $10,000. Thrasher entered a credit of that amount on the execution on March 19th, 1869, as of September, 1863. Foster contended that Thrasher's execution was fully paid off and discharged. An issue was formed and submitted to a jury. There was some evidence introduced as to there being usury in the original indebtedness from Copeland to Thrasher. Foster sought to prove the sayings of Copeland in the absence of Thrasher, as to the payment of the execution, upon the alleged ground that there existed a conspiracy between Thrasher and Copeland to keep the execution open, with intent to defraud other creditors. The jury found due to Thrasher upon his execution $2,407.48. A motion was made for a new trial, which was overruled by the Court, whereupon plaintiff excepted upon the following, among other grounds: "1st. Because a new trial was refused upon the ground that the verdict was contrary to evidence and principles of justice and equity. 2d. Because a new trial was refused on the ground that the verdict was contrary to the following charge of the Court: "The effect of usury is to annul and make void the contract for the usury, the lender having the right to recover the principal sum, with legal interest." 3d. Because a new trial was refused on the ground that the Court erred in refusing to allow the sayings of Copeland to be given in evidence."

A. G. & F. C. FOSTER; J. A. BILLUPS, for plaintiff in error. 1st. A new trial should be granted because the verdict is contrary to the evidence: Code, sections 3662, 3666; 15 Georgia Reports, 565; 17 Georgia Reports, 228; 18 Georgia Reports, 367; 19 Georgia Reports, 145; 20 Georgia Reports, 135, 671, 652; 24 Georgia Reports, 591; 25 Georgia Reports, 576; 26 Georgia Reports, 325, 360; 30 Georgia Reports, 1, 116. 2d. The sayings of Copeland admissible: Code: section 3663.

A. REESE; THRASHER & THRASHER, for defendant.

McCAY, Judge.

The evidence offered of the sayings of the defendant during the war, that he had, a few days before, paid this judgment, was, as it seems to us, properly rejected. It was in no sense part of the *res gestæ*, since it was, to say the least of it, several days after the act is claimed to have been done. Nor was it admissible as the sayings of one of several conspirators. We recognize the rule, that if you establish a conspiracy to defraud the other creditors, between one creditor and the debtor, the sayings of one may be good against the other. But the declaration must be made during the existence of the conspiracy. Even a conspirator is not bound by the sayings of his fellow, at a period when the conspiracy did not exist. There is no pretense here of any evidence that there was any combination between these parties at the time this declaration of the defendant was made. Indeed, it, upon its very face, implies that at that time no such combination existed.

We see no reason to disturb this verdict. Putting the case in the strongest light against the verdict, the *fi. fa.* is still open for as much as the jury have found, even though the usury be deducted. We are not prepared to say that *creditors have a right* to set up usury between the debtor and a

creditor, which has been reduced to judgment. We incline to think not; but as the verdict is sustainable in any event, we will not go into that subject.

Judgment affirmed.