*W. H. Terrell,* for plaintiff.

BRANDON *v.* THE STATE.

No. 7233.    JANUARY 20, 1930.

*Homer L. Causey, A. J. Tulen, T. J. Townsend,* and *O. Frank Briant,* for plaintiff in error.

*George M. Napier, attorney-general, A. B. Spence, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

HINES, J.   Lawton Dixon, Agnes Byrd, F. P. Brandon, Levy Smith, and Dan Tyre were jointly indicted for the murder of Ira Byrd on August 25, 1928.   Brandon was tried separately.   The jury returned a verdict of guilty, with a recommendation of life imprisonment.   He moved for a new trial upon the general grounds, and by amendment added certain special grounds.

■   The court admitted in evidence for the State, over the defendant's objection, the following letter:

"Blackshear, Georgia.   Oct. 8, 1928.

"Dear Prof.   My husband name is Ira Byrd, his age is 24. And he were kill at my home and haul two miles away he were kill on account of some money and whiskey.   And he were mean to me.   He were kill with a ax.   I treated him all right so far the officers arrest me on a Thursday moing after the burial on a Wednesday.   it were five at the house it occur about midnight. And after they kill him Odel Wiley a negro boy were hire to hatch up the mule and wagon.   And Lawton dixon rode the other mule off.   I left the house after they kill him Because he were so mean to me.   And I couldnt get rid of him, so prof do all you can for me and help me out of this trouble.   they want me to tell who did it.   these are the ones that were in it as following Dan Tyre, ages 60, Powle Branton, age 25, Lawton Dixon, age 32 or 31, Levey Smith age 35.   The onlist thing Odell Wiley ages 17 had anything to do with it he just were made to hitch up the

wagon and my uncle haul him off. They give this negro boy ten dollars. The money were divided among the rest. Prof help me all you can. [signed] Mrs. I. B. Byrd."

The defendant objected to the admission of this letter, upon the grounds: (a) that the conspiracy between the joint defendants to kill the deceased, if any such was shown, had ended long before the date on which this purported letter was written; (b) that the statements in this letter are not referable to some future act in the furtherance of the enterprise or conspiracy; (c) that no foundation for the admission of this letter had been laid; (d) that Ruth Cooper, a witness for the State, testified that at the time the letter was written in answer to a letter from some one to the codefendant, Agnes Byrd, which stated that the writer wanted to help her out; and for this reason such statements were not freely and voluntarily made without hope of benefit or fear of injury. The court overruled these objections and admitted the letter in evidence. The movant assigns error upon this ruling.

"After the fact of conspiracy is proved, the declarations of any one of the conspirators, during the pendency of the criminal project, are admissible against all." Penal Code, § 1025. "The confession of one joint offender or conspirator, after the enterprise has ended, is admissible only against himself." § 1035. Declarations or conduct of one joint conspirator, made after the enterprise is ended, are inadmissible except against the person making them, and against others must be rejected as narrative merely of a past occurrence. *Wall* v. *State,* 153 *Ga.* 309 (112 S. E. 142). This letter falls under the rule that acts and declarations of one of the conspirators, made after the enterprise has ended, are admissible only against himself. Conceding that there was sufficient evidence to establish a conspiracy participated in by the defendant and the other persons charged with this homcide, the statements in this letter related to the conduct of the alleged conspirators after the purpose of the conspiracy had been accomplished; and for this reason it was inadmissible. *Lance* v. *State,* 166 *Ga.* 15 (142 S. E. 105). The admission of this letter was extremely prejudicial to the defendant, in view of the evidence introduced by him tending to establish an alibi. Independently of this fact, it was not admissible.

The admission of this evidence does not come within the rule

announced in *Byrd* v. *State,* 68 *Ga.* 661, and *Carter* v. *State,* 106 *Ga.* 372 (32 S. E. 345, 71 Am. St. R. 262), to the effect that the acts of one accomplice during the pendency of the wrong act, not only in its perpetration but also in its subsequent concealment. are admissible against other accomplices.

■ The court permitted Ruth Cooper, a witness for the State, to testify as follows: "Mrs. Agnes Byrd said, 'Pal hit the blow that killed Ira Byrd with an ax;' she said that if I wouldn't go on the stand and tell anything about those letters that she would help me out in my case; and I remember her telling me that this Odell Wiley was forced to do what he had to do, and that Lawt and Levy and Powell was the ones that done it; and I remember that she told me that her husband treated her so mean she didn't care much whether he was dead or not. She said he wasn't no good to her, and she said that every year he would take her money and go off and spree off with it, and then would come back and jump on her and beat her, and she wasn't going to put up with it no longer, and she was going to put an end to it, and which they had done." Powell, the person referred to in this testimony, is the plaintiff in error. The defendant objected to this evidence, upon the ground that no proper foundation had been laid for its admission. The court overruled this objection. While we think this evidence was clearly inadmissible if proper objection had been made to it upon the ground that it was hearsay, being the mere declaration of one of the defendants and· alleged conspirators, made after the enterprise had ended, we do not think that it was inadmissible for the reason urged.

■ Headnote 3 requires no elaboration.

■ During the cross-examination of Ruth Cooper, a witness for the State, the court made, in the presence and hearing of the jury, this statement: "If he expects to connect that with the proposition, at the time his confession was made, that these letters were responsible in some way for her making these confessions, that is, induced her to make them, if he is going to undertake to do that, I will permit him to ask the question."

In the motion for new trial it is recited that this statement was made to counsel for the State and defendant, in ruling upon an objection by counsel for the State. The objection to the statement is that it was an expression of opinion on the part of the

'court that a confession had been established, and was highly prejudicial to the defendant's case.

While a reference to the evidence, made by the presiding judge in deciding a point raised by counsel in the progress of the case, would not be error (*Reinhart* v. *Miller,* 22 *Ga.* 402 (10), 68 Am. D. 506; *Green* v. *State,* 43 *Ga.* 369 (4); *Brown* v. *State,* 119 *Ga.* 572, 46 S. E. 833), the judge should not have made a statement to the effect that a confession had been made by the writer of the letters referred to, when it does not appear from them that they contained a confession of guilt by the writer, but only in-culpatory statements.

■ In the motion for new trial the defendant alleges that three of the jurors who tried the case were each related to the deceased Ira Byrd, and to Mrs. Pink Byrd, the prosecutrix, within the degree that disqualified them under the law from serving on said jury. According to the showing made by the defendant, these jurors were related to the deceased and to the prosecutrix within the ninth degree according to the rules of the civil law; but, from the counter-showing made by the State upon the hearing of the motion for new trial, the judge was authorized to find that the defendant and his counsel knew or could have known of the dis-qualification of these jurors before they were sworn, and for this reason the defendant is held to have waived the same.

As we grant a new trial in this case, we express no opinion upon the weight and sufficiency of the evidence.

*Judgment reversed. All the Justices concur.*