LANIER *v.* THE STATE.

No. 12630.   FEBRUARY 16, 1939.

*Charles E. Anderson, O. Frank Brandt,* and *Fred T. Lanier,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. G. Neville, solicitor-general, Duke Davis, D. C. Jones, P. H. Preston Jr., R. Lee Moore,* and *E. K. Overstreet,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.)

"The testimony of a single witness is generally sufficient to establish a fact. Exceptions to this rule are made in specified cases; such as, to convict of treason or perjury, in any case of felony where the only witness is an accomplice, and to rebut a responsive statement in an answer in equity—in these cases (except in treason) corroborating circumstances may dispense with another witness." Code, § 38-121. This court has construed that portion of this Code section relating to the necessity of connecting an accomplice in felony cases many times, and no doubt can now be fairly entertained as to its meaning as construed. In every case the corroborating circumstances must connect the defendant with the crime independently of the testimony of the accomplice, and this requirement is not met by merely corroborating the accomplice as to time, place, and circumstances of the transaction, if there be nothing to connect the defendant therewith. *Childers* v. *State,* 52 *Ga.* 106; *Bailey* v. *State,* 56 *Ga.* 314; *Bell* v. *State,* 73 *Ga.* 572; *Evans* v. *State,* 78 *Ga.* 351; *Blois* v. *State,* 92 *Ga.* 584 (20 S. E. 12); *Taylor* v. *State,* 110 *Ga.* 150 (35 S. E. 161); *Myers* v. *State,* 151 *Ga.* 826 (3) (108 S. E. 369); *Lynch* v. *State,* 158 *Ga.* 261 (123 S. E. 289); *McCormick* v. *State,* 176 *Ga.* 21 (3) (166 S. E. 762). In *Childers* v. *State,* supra, Robert Childers, Derry Crane, Sandy Boothe, and Frank Lee were placed on trial for the offense of robbery alleged to have been committed upon William T. Green.

The principal witness for the State was Charles Lee, colored, an accomplice. He testified that on the night of the robbery he met Sandy Boothe, who asked him when Mr. Green was coming down to pay off the hands, and that he told him, "In the morning at nine o'clock;" that Sandy said, "When he comes down he always brings $300 or $400 with him;" that Sandy told him to go to Sandy Creek bridge and wait until Captain Green was coming, then run back and let him know; that he saw Mr. Green coming, and went back to the upper bridge and saw all of the defendants; that he told Sandy he was coming; that he, Lee, went in the gully, got a rock and threw it at Mr. Green, but missed him; that Sandy struck him on the back of the head; that Sandy, Derry, and Frank jumped on him and searched him, taking from his pocket $275 and a silver watch; that Mr. Green was knocked down with a persimmon stick about two inches in diameter; that they went across the bridge and four of the defendants turned over a rock and put all of the money together under it; that they told Ben King that if anything occured, to take the money and hide it; and the next morning witness went to the rock and found it turned over and the money gone. Other evidence corroborated him as to the stick, hiding place for the money, etc. The corroboration was as strong as that in the instant case. Upon such statement of facts, this court held, that "in a case of felony, where the only witness implicating the prisoners in the crime was himself avowedly guilty, the corroborating circumstances necessary to dispense with another witness must be such as go to connect the prisoner with the offense, and that it is not sufficient that the witness is corroborated as to the time, place, and circumstances of the transaction, if there be nothing to show any connection of the prisoners therewith, except the statement of the accomplice." While the *Childers* case was not a full-bench decision, Chief Justice Warner dissenting, it has been followed without exception by this court in many full-bench decisions. In *Taylor* v. *State,* supra, this court held as follows: "The mere fact that a woman became pregnant does not so corroborate her testimony to the effect that her stepfather had sexual intercourse with her as to warrant his conviction of incestuous adultery."

But counsel for the State argue that the witness, Aaron Nelson, was not as a matter of law an accomplice, and that it was solely for the jury to determine from the evidence whether or not he was

an accomplice. We can not agree to this contention. In *Kearce* v. *State,* 178 *Ga.* 220 (2) (172 S. E. 643), it is said: "Whether a witness is an 'accomplice' within the meaning of the exception in the Penal Code, § 1017, relating to the number of witnesses necessary to establish a fact, the test in general is 'could the witness himself have been indicted for the offense either as principal or as accessory.'" In *Street* v. *State,* 179 *Ga.* 636 (176 S. E. 633), it was said: "An accomplice is one who is present at the commission of a crime, aiding and abetting the perpetrator, or who could be convicted of the crime as an accessory before the fact." Applying these definitions of an accessory, the testimony of the witness Aaron Nelson, if believed at all, proved him guilty as an accessory before the fact. Consequently, his testimony, no matter how positive or how convincing, is rendered insufficient to sustain the conviction unless corroborated in the manner required by law. Such corroboration must connect the defendant with the crime, independently of the testimony of the accomplice. There is no evidence in this record that in any manner connects the defendant with the perpetration of the crime, independently of the testimony of the accomplice.

It is true that the corpus delicti was proved, and that the accomplice was corroborated as to time, place, and circumstances, but none of this corroboration even mentioned the defendant or connected him with the crime. In the *Taylor* case, supra, pregnancy of the woman certainly resulted from sexual intercourse, but this court there held that the mere fact that the woman involved was pregnant did not corroborate her testimony that her father had had sexual intercourse with her. Likewise, in the instant case, the mere fact that the commission of the crime was proved in no wise connected this defendant therewith. While the testimony of the accomplice, Nelson, might have convinced the jury that he was telling the truth and that this defendant was guilty of the crime charged, nevertheless the defendant was entitled to a legal trial requiring the State to meet the requirements of law as to evidence to sustain his conviction. The evidence in this case was not sufficient under the law.

■ Error is assigned upon the ruling of the court permitting the witness Aaron Nelson, while testifying for the State on direct examination, to testify, "What caused me to leave around Rocky

Ford and go to Savannah was I got scared; I was scared of Mr. Lonnie. I said that is the reason I left home," over the objection of the defendant that the testimony was "irrelevant, inadmissible, and threw no light on the issue being tried." It has been repeatedly held by this court that the admission of irrelevant testimony, where it is not shown that same was also prejudicial, does not constitute reversible error. It was not error to overrule the objection here made and admit the testimony.

■ Error is assigned on the ruling of the court permitting the witness Aaron Nelson, testifying for the State, to give the following testimony: "The reason why I was afraid of him [Lonnie Lanier] was because I knowed he would kill me. How I knowed he killed one fellow was I knowed the boy he killed;" over the objection that it was irrelevant, inadmissible, and prejudicial. In *Cawthon* v. *State*, 119 *Ga.* 395 (4, 5) (46 S. E. 897), this court said: "Evidence of the commission of a crime other than the one charged is generally not admissible. 'To make one criminal act evidence of another, a connection between them must have existed in the mind of the actor, linking them together for some purpose he intended to accomplish; or it must be necessary to identify the person of the actor, by a connection which shows that he who committed the one must have done the other.'" The testimony objected to was prejudicial to the defendant, and the objection should have been sustained. *Cox* v. *State*, 165 *Ga.* 145 (139 S. E. 861).

■ Complaint is made in grounds 6, 7, and 8 of the amended motion because the court permitted witnesses to testify as to certain alleged conversations with the codefendant, John Burns, in which he sought to conceal evidence, over the objection of defendant that such testimony was irrelevant, inadmissible, prejudicial, hearsay, and that the alleged statements of Burns were made after the alleged crime had been committed. The acts and declarations of a conspirator during the pendency of the conspiracy are admissible in evidence against another conspirator on trial, and efforts to conceal the crime after it has been committed are a part of the conspiracy. *Foster* v. *Thrasher*, 45 *Ga.* 517; *Slaughter* v. *State*, 113 *Ga.* 284 (2) (38 S. E. 854, 84 Am. St. R. 242); *Barrow* v. *State*, 121 *Ga.* 187 (2) (48 S. E. 950); *Coleman* v. *State*, 141 *Ga.* 731 (2) (82 S. E. 228); *Smith* v. *State*, 148 *Ga.* 332 (96 S. E. 632); *Byrd* v. *State*, 68 *Ga.* 661. But in the instant case the evidence

was insufficient to establish the existence of a conspiracy, as ruled in division 1 hereof. The law does not permit proof of declarations and acts of an individual who is alleged to be a co-conspirator of the defendant on trial for the purpose of proving the fact of a conspiracy, but requires that the existence of the conspiracy be proved by legal and proper evidence; and when this is done the declarations and acts of a co-conspirator made during the conspiracy are admissible against the defendant. In *Wall* v. *State,* 153 *Ga.* 309 (2) (112 S. E. 142), it is stated: "Unless a conspiracy is shown prima facie, evidence of the acts and declarations of one of the alleged conspirators can only operate against the person whose acts and declarations are proved, if he is on trial; or if he is not on trial, they are not admissible against the defendants on trial, and should be rejected." See also *Tanner* v. *State,* 161 *Ga.* 193, 196 (130 S. E. 64); *Lance* v. *State,* 166 *Ga.* 15 (142 S. E. 105); *Brandon* v. *State,* 169 *Ga.* 808 (151 S. E. 493). It was error to admit the testimony over the objections.

■ Complaint is made of the following excerpt from the charge: "I charge you, gentlemen of the jury, that where, in connection with the accomplice's testimony, there is no other evidence given by other witnesses, or furnished by other witnesses, such as to show corpus delicti, that is to say to show the fact that the crime has been committed, if the crime is shown to have been committed by the testimony of the accomplice, and he is corroborated by other evidence which shows that the crime has been committed, and if there be sufficient corroborating evidence by which the jury can infer that the party charged was connected with such crime and implicated in the crime charged, then the jury would be warranted in convicting him." This portion of the charge was assigned as error upon the ground that it was confusing, misleading, and in substance instructed the jury that if there was other evidence in connection with the accomplice's testimony to show the corpus delicti they would be warranted in convicting the defendant. The charge complained of nowhere authorized the conviction of the defendant upon the testimony of the accomplice if the accomplice was corroborated by other evidence proving the corpus delicti. It clearly instructed the jury that they would not be authorized to convict upon the testimony of the accomplice unless his testimony was corroborated by other evidence connecting the defendant with the crime. This assignment is therefore without merit.

544

■ Complaint is made in grounds 10 and 11 because the court charged as follows: (10) "If you believe that this defendant and another, or others, formed a common intent and purpose to commit a crime as charged in this bill of indictment, and if you should believe that, in pursuance of such common intent and purpose, such crime was actually committed, and if you should further believe that this defendant either committed the crime himself or was present aiding and abetting in the crime at the time it was committed, and you believe that beyond a reasonable doubt, and that the crime was committed in pursuance of such common intent and purpose, and that this defendant aided and abetted in the commission of the crime, and you believe that beyond a reasonable doubt, it will be your duty to convict him." (11) "I charge you further, gentlemen, that if the evidence in this case satisfies your minds of the guilt of the accused beyond all reasonable doubt that is that he is guilty of murder as charged and alleged in the said bill of indictment, then the State's case would be made out for that offense, and it would be your duty to convict the defendant thereof." It is contended that these charges had the effect of eliminating the circumstantial evidence rule to the effect that the jury must not only believe the hypothesis sought, but must believe same to the exclusion of every other reasonable hypothesis. Elsewhere in the charge of the court this circumstantial evidence rule was properly and clearly given to the jury, and the excerpts here complained of must be read in connection with the charge as a whole, which embraced the instructions insisted upon by the defendant. These assignments are therefore without merit.

*Judgment reversed. All the Justices concur.*