36328. BYARS *v.* THE STATE.

372

Decided September 21, 1956.

*Earl B. Self, Solicitor-General,* contra.

Townsend, J. "The admission of irrelevant testimony, where it is not shown that it was also prejudicial, does not constitute reversible error." *Lanier* v. *State,* 187 *Ga.* 534 (2) (1 S. E. 2d 405). The testimony objected to was admitted on the theory that it was a circumstance tending to show the condition of the defendant's automobile after the wreck. The witness stated that the whole front end of the automobile was mashed in, but neither he nor any other witness testified to any facts from which the jury might infer that the crash would cause the speedometer to stick at the speed at which the automobile was traveling at the time of impact, and for this reason such evidence standing alone would be a very dangerous basis for a jury inference that the car was in fact traveling at that speed. However, an eyewitness, Knox Wyatt, testified that he stopped at an intersection for a red light and that the defendant's car then passed him at a speed of at least 75 miles per hour, hit the Toles car and knocked it into the air and then proceeded down the highway 50 or 75 feet.

T. C. Baker observed the Byars car entering the intersection at a speed which he estimated as between 80 and 90 miles per hour, skid a distance of 70 to 90 feet, and go over a bank. Thomas Baker also saw the collision, and described the defendant's car as traveling between 70 and 90 miles per hour. "I heard the roaring of a motor. The roaring was quite loud and sounded like an airplane and, the first thing I knew a car whizzed by me and in a flash of an eye I saw two cars collide. I noticed the Ford automobile flying through the air and it was high enough to see a couple of feet above the other one." Another witness, Mrs. Kathryn Wyatt, placed the speed of the automobile at 75 miles per hour. The Byars car left skid marks of 107½ feet and then struck the Toles car and drove it 110 feet from the point of impact at the center of the intersection. In view of this impressive array of testimony on the question of speed, the admission of evidence as to the condition of the speedometer a day or so after the wreck, even though not properly connected up and therefore not technically admissible, does not show such prejudicial error as to warrant a reversal of this case.

The trial court did not err in denying the motion for a new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*