## 56667. DUDLEY v. THE STATE.

MCMURRAY, Judge.

Defendant was indicted, tried and convicted of the offenses of burglary (Count 1); possession of burglary tools some five days after the first offense of burglary (Count 2); and, of criminal attempt to commit the crime of burglary occurring on the same date as the offense of possession of burglary tools (Count 3). He was sentenced to serve 20 years in the penitentiary as to the burglary conviction; five years as to Count 2 to run consecutive to Count 1; and 10 years as to Count 3 to run consecutive to Counts 1 and 2; a total of 35 years. Defendant duly filed a motion for new trial which was later amended and after a hearing denied. Defendant appeals. *Held:*

Defendant was convicted principally on the testimony of an accomplice who had been tried the day before and received a verbal sentence of 20 years later

reduced to five years when his sentence was reduced to writing. The accomplice had already testified and implicated the defendant in the three counts for which he was charged when he was sentenced to serve five years.

Thereafter, the sheriff was called to testify as to his investigation of the burglary occurring on the 15th of March, 1976, and the attempted burglary five days later on the 20th of March, 1976. He testified as to what his investigation disclosed including the finding of the burglary tools at the scene of the second crime, and his examination of the arrested accomplice in which he stated, "I couldn't get anything out of him." He was then asked further, "Q. Did Jimmy Burden, Jr. [the accomplice] ever make a statement to you? A. Yes, he did. Q. Was it what he testified to here today? A. Yes, it was." Whereupon objection was made by counsel for the defense, and he moved for a mistrial, contending it was an attempt to use the confession of the co-conspirator at a time after the conspiracy had ended at a trial where the co-conspirator is not on trial contrary to the law of Georgia, and that the district attorney knows it and that it is not admissible.

Reference was there made to Code § 38-414 which states clearly that the confession of one joint offender or conspirator, "made after the enterprise is ended, shall be admissible only against himself." The accomplice had fully implicated the defendant. It was, therefore, necessary to corroborate his testimony. Code § 38-121. Clearly this testimony was offered for the purpose of corroborating the testimony of the accomplice who had previously testified that he and the defendant had committed the crimes.

Here the joint enterprise had terminated. The sheriff's testimony as to what he was told by the accomplice was not made under such circumstances to render it part of the res gestae of the transaction, nor was it under the circumstances brought within any of the exceptions to the rule excluding hearsay evidence at the time of the original investigation by the sheriff wherein he could have testified as to information he received as a part of the res gestae of the transaction or as a part of his investigation under Code § 38-302 to explain conduct and

ascertain motives.

The purpose of this testimony was to corroborate the testimony of the accomplice, which testimony was extremely weak at this point in time. Clearly it was violative of Code § 38-414 and extremely prejudicial to the defendant. Unless stricken from the record and the defect in some way cured, the motion for mistrial should have been granted. See *Gibbs v. State,* 144 Ga. 166 (1, 2) (86 SE 543); *Brandon v. State,* 169 Ga. 808 (1, 2) (151 SE 493); *Brown v. State,* 132 Ga. App. 200 (2) (207 SE2d 682); *Crowder v. State,* 237 Ga. 141, 153 (227 SE2d 230). The enumeration of error complaining of the failure of the court to strike this statement as an attempt to use a confession by a co-conspirator at a time after the conspiracy has ended at a trial where the co-conspirator is not on trial is therefore meritorious.

2. As the evidence was sufficient to authorize the verdict of guilty, the trial court did not err in overruling the defendant's motion for directed verdict at the end of the state's evidence and at the end of all the evidence. The testimony of the accomplice was otherwise corroborated by the owner of the burglarized store who testified that the sledge hammer found at the scene of the attempted burglary some five days later had been stolen during the burglary of his store. This testimony was independent corroborating evidence which tended to connect the accused with the crime. *Turner v. State,* 235 Ga. 826, 827 (221 SE2d 590). It was also independent of the accomplice's testimony. *West v. State,* 232 Ga. 861, 864 (2) (209 SE2d 195); *Birt v. State,* 236 Ga. 815, 824 (2) (225 SE2d 248). There was also other circumstantial evidence tending to prove the identity and participation of the defendant, although it was not as strong as the evidence as to the sledge hammer (a burglary tool stolen in the burglary on March 15, 1976 and found at the scene of the attempted burglary).

There is no merit in this complaint as the corroboration goes beyond that specified as necessary in *Adams v. State,* 140 Ga. App. 621 (231 SE2d 547), which is relied upon by the defendant.

3. The testimony of a sequestered witness who remains in a courtroom in violation of the rule of

sequestration may not be stricken nor excluded if it is admissible and relevant, and the witness is competent to testify; although its weight and credit is for the jury under proper instructions by the trial court. *Still v. State,* 142 Ga. App. 312, 315 (3) (235 SE2d 737); *McFarland v. State,* 137 Ga. App. 354, 357 (5) (223 SE2d 739); *Howard v. Echols,* 31 Ga. App. 420, 422 (1) (120 SE 815); *Wallace v. Mize,* 153 Ga. 374 (7), 388 (112 SE 724). The witness here was not incompetent or disqualified, and his testimony was relevant and material. See *Pippins v. State,* 224 Ga. 462 (2), 464 (162 SE2d 338); *McWhorter v. State,* 118 Ga. 55 (6) (44 SE 873); *Phillips v. State,* 121 Ga. 358 (3) (49 SE 290); *Shelton v. State,* 220 Ga. 610 (140 SE2d 839); *Dye v. State,* 220 Ga. 113 (2), 115 (137 SE2d 465). The trial court erred in excluding the testimony of the alibi witness. The enumeration of error complaining thereof is meritorious. The case of *Brooks v. State,* 227 Ga. 339 (180 SE2d 721), merely recites that there was no abuse of discretion in allowing a sequestered witness to testify who had been present during the trial in violation of the rule (Code § 38-1703) of sequestration.

4. The trial court did not err in refusing to grant a mistrial in regard to the objection to the argument of the district attorney. It is permissible for the district attorney in his argument to draw deductions from the evidence which may be even illogical, unreasonable or even absurd. See *Owens v. State,* 120 Ga. 209, 210 (3) (47 SE 545); *Walker v. State,* 232 Ga. 33, 36 (205 SE2d 260). There is no merit in this complaint.

5. Evidence of an understanding or agreement as to the future prosecution of an accomplice on whose testimony the case almost entirely depends is relevant to his credibility. The jury is entitled to know of it, the prosecutor has a duty to disclose it, and the failure to make this disclosure violates due process. See *Allen v. State,* 128 Ga. App. 361 (196 SE2d 660); Giglio v. United States, 405 U.S. 150, 153 (92 SC 763, 31 LE2d 104). See also *Price v. State,* 141 Ga. App. 335, 336-337 (2) (233 SE2d 462).

In considering the motion for new trial the defendant attempted to show there was an undisclosed deal between the district attorney and others with counsel for the

accomplice that in return for his testimony against this defendant his verbal sentence of 20 years would be reduced to five. It is true that counsel for the accomplice testified that he understood a reduction in sentence would be given, but no undisclosed deal had been made, and it was his opinion that the accomplice having received a sentence of 20 years (the maximum) he could not hurt himself any more by testifying for the state; but that he had not been promised anything by the judge, the district attorney, or the sheriff in return for this testimony. The trial court, in hearing this testimony on motion for new trial, acted as a fact finder and his findings should not be disturbed where there is any evidence sufficient to support it. See *Stone v. State,* 145 Ga. App. 815 (2) (245 SE2d 62) and cases cited therein at p. 816.

6. Objection is made to the charge of the trial court where he instructed the jury that "[t]he Court does not intimate to you that there is, or that there is not any testimony of an accomplice" in the case, and further: "The Court simply gives you the rule and if there is any evidence that has been delivered in this case by an accomplice then you will apply this ruling that the Court has just given you in charge as to that testimony." Shortly before the giving of the foregoing portion of the charge the court had fully charged the jury as to the definition of an accomplice and that there could be no conviction of the defendant unless the testimony of an accomplice is supported by additional confirming facts or evidence connecting the defendant with the crime intending to show his participation therein which with other evidence would lead to the inference of the guilt of the accused. The objection to this charge is not meritorious.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 16, 1978 — DECIDED DECEMBER 5, 1978 — REHEARING DENIED DECEMBER 20, 1978 —

*Brown, Katz, Flatau & Hasty, S. Phillip Brown,* for appellant.

*Beverly B. Hayes, District Attorney, James Stanley*

*Smith, Jr., Assistant District Attorney,* for appellee.