## BELL *vs.* THE STATE OF GEORGIA.

While a conviction cannot be had upon the uncorroborated evidence of an accomplice in the crime, without something else deposed by other witnesses to connect the defendant with it, yet it is impracticable to lay down any rule as to the precise amount of evidence which is requisite to sustain the accomplice's account identifying the defendant as one of the criminals, further than that there must be other evidence sufficient to satisfy the jury of the fact. In this case, the corroborating evidence was sufficient.

December 2, 1884.

Criminal Law. Accomplice. Witness. Evidence. Before Judge FAIN. Bartow Superior Court. July Term, 1884.

Reported in the decision.

GRAHAM & GRAHAM, for plaintiff in error.

J. W. HARRIS, JR., solicitor general, by ROBT. B. TRIPPE, for the state.

HALL, Justice.

The defendant, who was indicted jointly with Brown, Evans and Self for burglary, was found guilty of larceny from the house, and sentenced to the penitentiary for three years. He made a motion for a new trial, upon the ground that the verdict was contrary to law and evidence, etc.,

and this motion being overruled, he prosecutes this writ of error to reverse the judgment refusing it. No complaint is made of any of the rulings of the court, and no exception is taken to the charge.

The state introduced Brown as a witness, who testified to all the circumstances of the crime, and implicated the defendant in its commission, with himself and the other defendants in the indictment, Evans and Self.

That a conviction could not have taken place upon the uncorroborated evidence of this witness, without something else deposed by other witnesses to connect the defendant with it, is well settled. Code, §3755; *Childers.* case, 52 *Ga.*, 106, 110, 117; *Hammack's* case, *Ib.*, 397, 403; *Middleton's* case, *Ib.*, 527. The defendant doubtless had the full benefit of this principle upon the trial, but the jury were well satisfied, as we think they should have been, that there was enough in the testimony of witnesses wholly disconnected with and unsuspected of any participation in this offence to show that this defendant had a full share in it. Two of these defendants, Evans and Brown. were in the store broken and entered, about six o'clock P. M., on the evening of the burglary. Shortly after that time, these persons, with Self and this defendant, were seen together. They were all strangers in Adairsville, where the store was located; came there together, without any ostensible business; associated closely while there. Self confessed to the burglary after his arrest, detailing all its incidents circumstantially, and showing the part each of the defendants took, to the marshal of the town, in the presence of this defendant. When the marshal said to Self, " I don't believe it," the defendant, Bell, who was standing behind him, remarked, " That's so, captain, that's so." It is true that it was attempted to be shown that this remark of Bell's was an indorsement of the marshal's denial of Self's story, but the marshal did not so understand it. He was impressed with the idea that it referred to the account given by

Self, and was an explicit admission of its truth; had he not thought so, he would have made further inquiry.

It was further shown, by satisfactory proof, that the account he gave of the time he left Adairsville for Cartersville, on the night of the burglary, was utterly false. He said he left there at 8 o'clock that evening, and endeavored to make the witness say he told him he left Calhoun at that hour. The witness was positive, however, that he said nothing about the time when he left Calhoun. It is certain, from the testimony of other witnesses, that he was in Adairsville at that hour, and, in his statement, he admits that he did not leave that place until after 4 o'clock the next morning. The defendant made a statement to the jury, in which he was careful to controvert this witness's testimony. He says that if he mentioned the fact of leaving any place at all at 8 o'clock, it was Calhoun and not Adairsville. This is the entire substance of his statement; no allusion is made therein to any other fact incu‘pating defendant; he does not deny the truth of Brown's testimony, nor does he say anything about the application of his reply to the marshal, in response to that officer's remark, expressing disbelief in Self's account of the burglary. This omission must, of itself, have been a circumstance that impressed the jury with his guilt; it was a tacit admission of the truth of other statements given in evidence. No case that we are aware of lays down any rule as to the precise amount of evidence which is requisite to sustain the accomplice's account identifying the defendant as one of the criminals; indeed, it seems to us impracticable to lay down any rule upon this subject, further than there must be other evidence sufficient to satisfy the jury of the fact. In *Roberts'* case, 55 *Ga.*, 220, it is ruled, that " light circumstances, such as constant and easy access to the place whence the goods are stolen, the defendant's presence thereabouts when the goods are missed, the fact that he drove a single dray there, and that such a dray was seen being unloaded about the break of day,

where the goods were found, may be weighed by the jury as corroborating proof, and if the presiding judge fairly submits that question, this court will not interfere." The corroborating facts in this case come fully up to these requirements, if they do not go beyond them. The question was fairly submitted, the jury was satisfied of the defendant's guilt, and the presiding judge approved the finding. We cannot say that we dissent from this result. So far from it, we approve it, and order the judgment affirmed.