. LYNCH *v.* THE STATE.

1. The circumstances offered in evidence by the State were sufficient to authorize the jury to find them legally corroborative of the testimony of the accomplice as to the participation of the defendant in the crime.
2, 3. There was no error in the judgment of the trial court overruling the motion for a new trial.

No. 4086. MAY 6, 1924. REHEARING DENIED JUNE 19, 1924.

Murder. Before Judge Searcy. Butts superior court. November 17, 1923.

*J. T. Moore, W. E. Watkins, H. M. Fletcher,* and *W. H. Key,* for plaintiff in error.

*George M. Napier, attorney-general, T. J. Brown, solicitor-general, T. R. Gress, assistant attorney-general, E. M. Owen,* and *C. L. Redman,* contra.

RUSSELL, C. J. 1. The only substantial question in this case is whether the circumstances relied upon by the State were sufficient to authorize the jury to find them legally corroborative of the testimony of the accomplice as to the participation of the defendant in the killing of C. A. Pittman. To authorize a conviction based on the testimony of an accomplice, the corroborating circumstances should independently connect the defendant with the offense, and should raise an inference of guilt independently of the testimony of the accomplice. *Childers* v. *State,* 52 *Ga.* 106; *McCalla* v. *State,* 66 *Ga.* 346; *Knight* v. *State,* 143 *Ga.* 678, 680 (85 S. E. 915) ; *Montford* v. *State,* 144 *Ga.* 582, 586 (87 S. E. 797). It is well settled that corroboration as to time, place, and circumstances will not alone suffice. *Childers* v. *State,* supra. However, if legal corroboration exists, it is solely within the province of the jury to determine whether the circumstances relied upon afford a sufficient support of the testimony of the accomplice to show the defendant's guilt beyond a reasonable doubt. And in case of a con-

flict in testimony tending to establish or disprove the existence of corroborative circumstances (as in other disputed issues of fact) the jury is to determine the credibility of the witnesses.

Bearing these principles in mind, we will now consider the circumstances which were before the jury, independently of the testimony of the accomplice. In brief, the accomplice testified that he met the defendant on the night when the homicide occurred, and they went to the home of the deceased and called him to come to the store which he conducted across the road from his home; that in accordance with a prearranged plan, while the deceased was finding the account of the accomplice, the accomplice struck the deceased with an ax, and as he fell on the counter the defendant stabbed him with a knife; that the accomplice and the defendant took all the money found in the store, carried out the body of the deceased, and threw it into a river near by. They then rowed across the river and went to the home of the defendant, where they spent the night. On the way home a pistol taken from the deceased was thrown in a well. The money was hidden at the home of the defendant. The accomplice was arrested, and upon his trial assumed full responsibility for the crime. At his trial he was convicted and sentenced to hang, and while awaiting execution he called in the officers and gave the information which implicated the defendant in the crime. The evidence for the State corroborated the testimony of the accomplice as to the time, place, and circumstances of the crime; but, as we have observed, this alone would be insufficient. In addition, however, the State offered evidence, independent of that of the accomplice (and which the plaintiff in error contends was insufficient) to show the corpus delicti; and there were circumstances from which the jury could infer that the murder had been accompanied by its frequent companion, robbery. When the witness Bob Oxford went to the home of the defendant to arrest him for complicity in the crime, he asked the defendant concerning the money which had been stolen. The defendant denied any knowledge concerning the money; then gradually weakened in his statement, saying he did not want to get any one in trouble; but finally agreed to take the witness to where the money was hidden, and it was found—some hidden under his chicken coop and some under his house. Witnesses testified that as officers they brought the accomplice and the defendant together,

and questioned the accomplice as to the whereabouts of the pistol taken from the murdered man. This conversation took place in jail, and the accomplice told the witnesses that he and the defendant threw the pistol in a well. He was then asked, "Evan [the accomplice], did you hear it when it hit the bottom? Yes sir, I heard it. Did Flem [the defendant] hear it? Yes sir, he ought to; he was standing right behind me. And Flem spoke up; he said 'Evan, I was in the path a hundred and fifty yards,' or some distance, 'away from the well.'" Some of the witnesses testified that after making this statement the defendant stated that he did not know what well they were talking about; that he was thinking of another well. A witness for the State testified that he heard a conversation between the accomplice and the defendant in the jail in Atlanta, as follows: "Flem says, 'Evan, you should not have told on me. Why did you tell it when you knew I had the money to get you out?' And Evan told him he 'had to do it'— he was 'converted and sorry.'"

It would seem that the above facts, though some were contradicted, were sufficient to corroborate the testimony of the accomplice. See *Bell* v. *State,* 73 *Ga.* 572; *Rawlins* v. *State,* 124 *Ga.* 31, 49 (52 S. E. 1).

2. The first special ground of the motion for a new trial assigns error upon a refusal of the judge to charge the jury, as requested by the defendant, as to the amount of corroboration required to authorize a conviction on the testimony of an accomplice. An examination of the charge as given shows that the trial judge fully and fairly charged the jury upon the law applicable to this subject.

3. The second special ground of the motion alleges that a new trial should be granted because of alleged newly discovered evidence. The affidavit attached to this ground is not supported as required by the Civil Code (1910), § 6086, and hence cannot be considered.          *Judgment affirmed.   All the Justices concur.*