### 25062. THOMPSON v. THE STATE.

BROYLES, C. J. 1. To sustain a conviction of a felony on the testimony of an accomplice, "there must be corroborating circumstances which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty." *Stokes* v. *State*, 19 *Ga. App.* 235 (91 S. E. 271); *Levister* v. *State*, 21 *Ga. App.* 50 (93 S. E. 513); *Childers* v. *State*, 52 *Ga.* 106. "Corroborating evidence which, without going to this extent, merely casts a grave suspicion upon the accused is not sufficient." *Taylor* v. *State*, 110 *Ga.* 150 (3) (35 S. E. 161).

2. Applying these rulings to the instant case, the testimony of the accomplice was not sufficiently corroborated to authorize the defendant's con-

viction, and the refusal to grant a new trial was error. The case of *Adams* v. *State*, 51 *Ga. App.* 30 (179 S. E. 417), is distinguished by its facts from the present case.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*

DECIDED NOVEMBER 13, 1935.

*H. C. Hatcher, G. C. Anderson,* for plaintiff in error.
*George Hains, solicitor-general, E. J. Clower,* contra.