**27302, 27303.  HEAD v. THE STATE.**

DECIDED FEBRUARY 14, 1939.

*James R. Venable, B. J. Dantone,* for plaintiff in error.
*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

BROYLES, C. J. ■ The court did not err in giving the following charge: "The law makes you also in criminal cases the judge of the law, and you take the law in these instructions from the court, and you are bound by the law as given you in this charge, but you make the application of the law that you take from the court to the facts as brought out in the evidence in this hearing, and in that manner reach the truth of the case and let that be expressed in your verdict." *Davis* v. *State*, 136 *Ga.* 798 (72 S. E. 157), and cit.; *Hollon* v. *State*, 137 *Ga.* 86 (8) (72 S. E. 949).

■ The defendants, Fred Head and Louis Head, were tried for burglary on an indictment containing two counts, and were found guilty on both counts. W. D. Turner was a witness for the State, and the defendants contend that he was an accomplice in both burglaries, and that his evidence was not sufficiently corroborated. "Whether a witness is an 'accomplice' within the meaning of the exception in the Penal Code, § 1017 [Code of 1933, § 38-121], relating to the number of witnesses necessary to establish a fact, the test in general is 'could the witness himself have been indicted for the offense either as principal or as accessory.'" *Kearce* v. *State*, 178 *Ga.* 220 (2) (172 S. E. 643), and cit. Applying this ruling to the facts of the instant cases, Turner was an accomplice of the defendants in the burglary charged in the first count of the indictment, but he was not an accomplice in the transaction charged in the second count. The verdict on the second count was amply authorized by the evidence. As to the burglary charged in the first count, the testimony of the accomplice, Turner, was sufficiently corroborated by the testimony of other witnesses. In each case the verdict on both counts was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgments affirmed. MacIntyre and Guerry, JJ., concur.*