33459. POTTER *v.* THE STATE.

Decided April 11, 1951.

714

*Stephen Schalasny,* for plaintiff in error.

*Benjamin B. Garland, Solicitor-General,* contra.

MacINTYRE, P. J. 1. " ' "A conviction in a case of felony is sustainable upon the testimony of a single witness though an accomplice, when the same is corroborated by other testimony connecting the accused on trial with the perpetration of the crime and tending to show his participation therein" . . But "it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. . . Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. . . The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said as a matter of law, that the verdict is contrary to the evidence." *Hargrove* v. *State,* 125 *Ga.*

270, 274 (54 S. E. 164); *Whaley* v. *State,* 177 *Ga.* 757 (171 S. E. 290).' *Newman* v. *State,* 63 *Ga. App.* 417 (2, 3) (11 S. E. 2d, 248). See also *Roberts* v. *State,* 55 *Ga.* 220 (3); *Mitchell* v. *State,* 202 *Ga.* 247, 248 (42 S. E. 2d, 767). ' "The facts relied upon as corroboration may be trifling when viewed by themselves and separately from the entire case; but the jury had the right to consider all the facts and to consider them in their relations one to another, and to determine whether or not, considering the facts and comparing them in their proper setting, under the evidence adduced they tended to connect the defendant with the commission of the crime and were a sufficient corroboration of the evidence of the accomplice to authorize a conviction of the accused under the law." *Callaway* v. *State,* 151 *Ga.* 342, 348 (106 S. E. 577).' *Blakely* v. *State,* 78 *Ga. App.* 282, 291 (50 S. E. 2d, 762)." *Hamby* v. *State,* 82 *Ga. App.* 7, 8 (3) (60 S. E. 2d, 635). Applying these rules as to the corroboration of an accomplice to the evidence in the instant case, we think the jury was authorized to find the defendant Potter guilty of arson.

2. In special grounds 1 and 2, objection is made to the exclusion of certain evidence by the trial court. The evidence was properly excluded for the reason stated at the time of its exclusion, that it was hearsay and mere conclusions of the witness without showing any facts to support such conclusions. These grounds are not meritorious.

3. Special ground 3. Under the facts which have been set forth at the beginning of this opinion, the court did not err in admitting the shirt in evidence without comment; furthermore, if the admissibility of evidence is doubtful, the practice is to admit it and leave its weight and effect to the jury. *Rushin* v. *State,* 63 *Ga. App.* 646, 648 (11 S. E. 2d, 844); *McClelland* v. *State,* 27 *Ga. App.* 783, 784 (110 S. E. 245); *Gilmer* v. *City of Atlanta,* 77 *Ga.* 688.

4. In special ground 4 error is assigned "because the court erred in failing to grant a mistrial on motion of the movant at the conclusion of the evidence offered by the State. Movant made his motion on the grounds that the court allowed one of the witnesses for the State, one W. D. Green, who was a codefendant but tried separately, to come into the courtroom with prisoner's clothes on and the court permitted the said W. D.

Green, witness for the State, to testify in the case of the movant while he had prisoner's clothes on. The presence of the co-defendant in the courtroom under such circumstances tended to prejudice the minds of the jury and movant avers that he was not granted a fair trial because of the presence of the said W. D. Green, in the described clothes, prejudiced the jury's mind against this movant." It does not appear from this ground of the motion for a new trial that the clothes worn by the witness Green were so obviously those of a prisoner as to be readily apparent to the jury, nor does it appear that the State made any mention of, or reference to, the witness's attire while he was a witness or otherwise. The only reference made to the witness's clothes was that made by counsel for the defendant himself on cross-examination. Under these circumstances and the allegations of this special ground, this ground is without merit.

The court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*