35571. EVANS *v.* THE STATE.

DECIDED APRIL 8, 1955.

L. C. *Grover,* for plaintiff in error.

J. *Cecil Davis, Solicitor-General,* contra.

GARDNER, P. J. Callaway, who pleaded guilty, went into detail as to how he and the defendant broke open the storehouse, backed the defendant's vehicle up to the storehouse, broke into the storehouse, and loaded the safe onto the vehicle, then carried the safe to a certain place, removed it from the vehicle, broke into the safe, and obtained the narcotics. The officers took Callaway, and under his direction, located the safe and returned it to the owner, but the narcotics and certain other articles were gone. Then it was that the officers went to the home of the defendant's father and located the defendant's car and left word with the father that they wanted to talk with the defendant concerning a burglary. It was over two months before the defendant was located and arrested by a sheriff.

The defendant, in his trial, attempted to prove an alibi. The father of the defendant testified that the defendant spent the entire period of time with him, from the time the storehouse was closed at about twelve o'clock noon until the burglary was discovered the following morning. The State produced evidence to contradict this contention of the defendant's alibi. The evidence placed the defendant's car in the vicinity of the county where the defendant's car was found the morning after the night of the burglary. The evidence placed the defendant in company with Callaway in the early morning after the burglary. A witness for the State testified that, the night before the burglary, he saw the defendant and Callaway together in Lincolnton. The defendant contended that he bought $55 worth of narcotics on the morning after the burglary; he admitted that he was with Callaway early in the morning after the burglary in the vicinity where the safe was broken into and "dumped." Counsel for the defendant rested the case almost entirely on the proposition that the testimony of the accomplice Callaway was not sufficiently corroborated to sustain a conviction of the defendant. Whether or not the accomplice is sufficiently corroborated is peculiarly a question for the jury. In *Chapman* v. *State,* 109

*Ga.* 157, 165 (34 S. E. 369), the Supreme Court said: "The question as to whether or not there is sufficient corroboration of the testimony of an accomplice to produce conviction of a defendant's guilt, is peculiarly one for the jury." In *Rawlins* v. *State*, 124 *Ga.* 31, 49 (52 S. E. 1), the court held: "What shall be the extent of this corroboration is a question to be determined by the jury. It may be strong, or it may be slight; but in each case it must be of such character as to satisfy the minds of the jury as to the connection of the accused with the criminal enterprise."

The Court of Appeals held in *Thompson* v. *State*, 52 *Ga. App.* 105 (1) (182 S. E. 414), as follows: "To sustain a conviction of a felony on the testimony of an accomplice, 'there must be corroborating circumstances which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty.'"

In our opinion, under the law, the jury were authorized to find that the evidence, independent of the testimony of the accomplice, was sufficient to find the defendant guilty. There is nothing in the facts or the law to sustain the defendant's contention. He cites *Hall* v. *Page*, 4 *Ga.* 428 (3) (48 Am. D. 235); *Keys* v. *State*, 108 *Ga.* 771 (33 S. E. 632); *Head* v. *State*, 59 *Ga. App.* 451, 452 (1 S. E. 2d 227); *Mosley* v. *State*, 65 *Ga. App.* 800 (16 S. E. 2d 504); Code § 38-121; *Childers* v. *State*, 52 *Ga.* 106; *Middleton* v. *State*, 52 *Ga.* 527; *Blois* v. *State*, 92 *Ga.* 584 (20 S. E. 12); *Thompson* v. *State*, 52 *Ga. App.* 105 (1) (182 S. E. 414); *Rice* v. *State*, 16 *Ga. App.* 128 (1) (84 S. E. 609); *Perkins* v. *State*, 59 *Ga. App.* 335 (1) (200 S. E. 812); *Potter* v. *State*, 83 *Ga. App.* 713 (64 S. E. 2d 630); *Lanier* v. *State*, 187 *Ga.* 535 (1 S. E. 2d 405); *Price* v. *State*, 208 *Ga.* 695 (3a) (69 S. E. 2d 253); and *King* v. *State*, 77 *Ga. App.* 720 (49 S. E. 2d 790). We see no necessity of going into a discussion of the cases cited by counsel for the defendant.

The court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*