## 37401. MEARS v. THE STATE.

TOWNSEND, Judge. 1. It appears that the burglary here involved was committed in August of 1957, and the defendant was arrested and questioned shortly thereafter and released; that an indictment against him was returned on February 11, 1958; that the case was first set for March 12, continued until April 1, and again until April 8, and again continued until called for trial on April 9; that the court had appointed counsel who did not represent the defendant; that he contacted his present counsel on April 5, and actually employed him on April 8, and no reason is shown why the defendant was not more diligent in procuring counsel at an earlier time prior to the trial of the case. Under these conditions it was not an abuse of discretion, as contended in special grounds 1 and 2 of the amended motion for new trial, for the court to deny a motion for continuance made on the morning of April

9, on the ground that the counsel employed by defendant had not sufficient time to prepare the case. *Smith* v. *State,* 198 *Ga.* 849 (33 S. E. 2d 338); *Cannady* v. *State,* 190 *Ga.* 227 (9 S. E. 2d 241).

2. Where the undisputed evidence on the trial of the defendant for the offense of burglary is that access to the premises was obtained through a back door by breaking the glass and then reaching inside to unlock the door, the evidence demands a finding that there was a breaking by someone. It was accordingly not error to fail to charge on the offense of larceny from the house, as contended in special grounds 3 and 4. *Bloodworth* v. *State,* 9 *Ga. App.* 161 (70 S. E. 892).

3. Special ground 5 assigns error on the ground that the court erred in charging that the defendant and another might under certain circumstances be "guilty of conspiracy" on the ground that it might mislead the jury into believing that there was such an offense and they might return a guilty verdict as to it regardless of the guilt of the defendant of the burglary charged against him. The charge as a whole on the subject of conspiracy is not subject to this interpretation. The court first defined conspiracy, then charged that if the jury found it did not exist they should ignore the remainder of the instructions on this subject. He then stated that if the jury found that the defendant was a party to a conspiracy which did exist, the acts of each person engaging therein would be chargeable to all, and that "if it was the common intent of the defendant and such other party to participate in the commission of the crime charged, then [each] would be guilty of a conspiracy." Granting there is no such offense as conspiracy in Georgia (*Daniels* v. *State,* 58 *Ga. App.* 599, 609, 199 S. E. 572), nothing in the charge here could be construed as authorizing the jury to return a guilty verdict against the defendant merely upon proof that he and another conspired to commit the burglary.

4. Special grounds 6 and 7 assign error on the following excerpt from the charge: "I charge you that the breaking of a glass in a door by a person on the outside of a place of business or dwelling for the purpose of effectuating an entrance from the outside of said building to the inside of said building would constitute a breaking within the definition of burglary." The charge is a correct principle of law. Cf. *Manners* v.

*State,* 77 *Ga. App.* 843 (4) (50 S. E. 2d 158). The court further defined burglary as "the breaking and entering into the dwelling, mansion or storehouse or other place of business of another where valuable goods, wares, produce or any other articles of value are contained or stored, with the intent to commit a larceny." A definition of burglary contains the element of "intent to commit a larceny;" a mere legal definition of breaking does not. Accordingly the charge was not objectionable as not stating, in connection with the instructions on breaking, that the breaking must be with intent to steal, or to commit a felony.

5. The general grounds are insisted upon only to the extent that it is contended the testimony of the accomplice is not sufficiently corroborated. The accomplice testified that he and Mears stopped outside the prosecutor's place of business; that the witness went in to ask his wife, who was the only person present, whether Carl Waits was there and was told he was not; that they then drove into the yard; the defendant got out and broke the glass on the back door, cutting his hand in the process; he went in and when he came out said that he had some money and some cigarettes. The corroboration is as follows: a neighbor saw an old blue-gray car with two men stop outside her house, one went to the prosecutor's place of business and the other stayed in the car; there was a book in the front seat that looked like the kind insurance men carry, and the window in the back of the car was broken. The defendant and accomplice were arrested later in the day in a car answering this description and there was an insurance debit book in the front seat. The defendant's arm was cut. Blood was found at the door, on the glass, dripping on the floor on the inside, in the automobile, and on certain money which the defendant later that same day had turned over to another witness to keep for him. There were cigarettes on the floorboard of the car when first examined by the police officer. Statements by the accomplice of other places where he and the defendant had gone on that day received independent corroboration.

The rule is that to authorize a conviction on testimony of an accomplice, the corroborating circumstances should independently connect the defendant with the offense, and raise an inference of guilt independently of such testimony. *Lynch* v. *State,* 158 *Ga.* 261 (123 S. E. 289) ; *Lanier* v. *State,* 187 *Ga.*

534 (1 S. E. 2d 405); *Price* v. *State,* 208 *Ga.* 695 (69 S. E. 2d 253); Code § 38-121. The corroborative evidence need not lead conclusively to the inference of guilt, but should tend to show it. *Smith* v. *State,* 189 *Ga.* 169 (5 S. E. 2d 762). It need not be corroborated in every material particular. *Mitchell* v. *State,* 202 *Ga.* 247 (42 S. E. 2d 767). There is no hard and fast rule, as to the quantum of evidence which will satisfy these requirements, and in general this is a jury question (*Bell* v. *State,* 73 *Ga.* 572), always provided that it does corroborate the testimony of the accomplice and does independently tend to establish the guilt of the accused. All of the circumstances here—the description of the automobile, the fresh cut on the defendant which several persons noticed to be bleeding on the day in question, the blood in the car and at the scene of the burglary, the rolls of coins with blood on the wrappers, as well as other corroborative details—sufficiently corroborate the testimony of the accomplice. The general grounds are without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED OCTOBER 16, 1958—REHEARING DENIED NOVEMBER 7, 1958.

*John Kirby, Wendell C. Lindsey, Ralph A. Bragg,* for plaintiff in error.

*Paul Webb, Solicitor-General, Thomas R. Luck, Jr., Eugene L. Tiller,* contra.