## 46209.   HEAD v. STATE OF GEORGIA.

HALL, Presiding Judge. Defendant appeals from an adjudication of delinquency for the offense of burglary. The basis of the appeal is the sufficiency of the evidence and particularly whether the evidence of an admitted perpetrator of the burglary, who named defendant as an accomplice, is corroborated by other independent facts as required by law.

Defendant and three other boys were charged with committing the burglary. Two of the boys, A and B, were detained by a policeman on Mt. Paran Road in a parked car at about 11:30 a.m. The officer was investigating a complaint that someone was shooting at mailboxes in the area. There was an air rifle in plain view in the car and, upon searching the interior, the officer found some suspicious items that led him to call for the burglary squad. About an hour later, defendant and C (the third boy charged) were detained as they emerged from a nearby woods, seemingly headed for the car. All the boys were searched, but no items from a burglary were found on their persons. They were then released. Later that day a burglary in the area was reported and two of the items listed as missing were determined to be items found in the interior of the car. The following morning A, B and defendant were taken into custody. C. is now missing. The trunk of A's car was then searched and several more items on the burglary list were found; however, a revolver, a watch and a necklace have not been accounted for.

A and B have admitted participation in the burglary. At defendant's trial, A testified that defendant had also participated; that it took place about 10:30 or 11 a.m.; that C and defendant then left the scene to look for some more unoccupied houses; and that all the loot was locked in the trunk of his car and re-

mained there undisturbed until the police searched the next day. B testified that defendant had not participated; that the burglary had been committed earlier that morning by A, B, C and X (a "hippie" they had met at breakfast who had suggested the enterprise and who disappeared immediately after, taking the revolver which was part of the loot); that they then went back to town, picked up defendant near his house by offering him a ride to school, but instead drove back to the vicinity of the burglary with the idea of doing another; that when defendant discovered their intent, he asked to be let out; and that C accompanied him.

Defendant's testimony substantially followed this. He said that after disassociating himself from the others, he and C wandered around the neighborhood trying to find public transportation back to town. Defendant offered a witness who testified that he and another boy had come to her door about 11:45 a.m. asking directions to Mt. Paran Road (which was about a mile away, cross-country) and for the location of a bus stop.

A neighbor of the burglarized householder testified that she saw three boys crossing her back yard in the middle of the morning, that one was definitely a blonde and none was longhaired. She could not identify defendant as one of them. Defendant is a blonde; A and B are not; the color of C's hair is not in the record; and X was described by B as having long, light brown hair and a goatee.

What is the independent evidence tying defendant to this crime? He was in the vicinity of the crime in the company of a boy that *both* A and B name as an accomplice; he has blonde hair and there is testimony that a blonde was cutting through back yards with other boys (who admit doing so) in the middle of the morning; he specifically inquired about Mt. Paran Road (where the car was actually parked), though claiming to be a stranger to the area and merely trying to find a bus stop.

This evidence, while inconclusive standing alone, is sufficient to corroborate A's testimony and to authorize the finding of delinquency by the trial judge whose function is not only to apply the law but to find facts and determine the credibility of witnesses.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
SUBMITTED MAY 10, 1971—DECIDED MAY 14, 1971.

Hatcher, Meyerson, Oxford & Irwin, Paul E. Pressley, for appellant.

Lewis R. Slaton, District Attorney, Tony H. Hight, Amber W. Anderson, for appellee.