28605. RAMSEY v. THE STATE.

SUBMITTED JANUARY 22, 1974 — DECIDED MARCH 8, 1974 — REHEARING DENIED MARCH 22, 1974.

*Tisinger & Tisinger, J. Thomas Vance,* for appellant.
*Eldridge W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., David L. G. King, Jr., Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice.

Charles Ramsey was indicted by the grand jury of Carroll County for the offense of armed robbery, was tried, convicted and sentenced to fifteen years imprisonment. He appeals from that judgment.

He enumerates as error (1) the overruling of his motion to suppress in-court identification of him made by the state's witnesses and (2) in allowing the district attorney to make inflammatory remarks and statements to the jury concerning crimes that had occurred in another area.

■ We deal first with the motion to suppress.

It is contended that the pretrial identification procedures that took place produced such a taint on an in-court identification as to violate the due process provision of the United States Constitution. Reliance is placed on United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149), and similar cases.

It is urged in this regard that the photographs shown the victim from which he identified the appellant were too limited, and that the people in the lineup were not of the same height and weight and were not dressed in the same manner. While the evidence as to the number of photographs was conflicting, it is clear that at least three to five of them were of black males and were representative of body size and age. This was sufficient to preclude a finding as a matter of law that the photographic display was "impermissibly suggestive." See United States v. Kimbrough, 481 F2d 421, 424 (5th Cir.). Nor was there such a disparity in size and dress in

the lineup as to give rise to a constitutional infirmity.

We conclude that the trial court properly overruled this motion, holding that the lineup identification preceding the trial was not improperly conducted and the in-court identification would be proper.

■ As to the complaints relating to the district attorney's argument we find that it was not cause for reversal.

The remarks complained of transpired when the district attorney was making his closing argument during the sentencing hearing provided by Ga. L. 1970, pp. 949, 950; 1971, p. 902 (Code Ann. § 27-2534).

The state's counsel said, "We had a rash of armed robberies in Newnan, we had one in which two people were killed and one man was shot and it was a miracle that these—"

The provisions of our statute involved here are in pertinent part as follows: "Where counsel in the hearing of the jury makes statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds . . ." Code § 81-1009.

The record here shows that the appellant's counsel objected to these remarks, stating "Excuse me, Your Honor, I object to counsel testifying as to what happened in Newnan and what happened in an armed robbery in Newnan; we are talking about Mr. Ramsey in Carroll County; it's totally irrelevant." The trial court overruled this objection.

While we do not approve of the making of such remarks as these, we do not regard what transpired concerning them to be grounds for reversal and to require another sentencing hearing to be conducted.

In our view, neither of these enumerations is valid.

*Judgment affirmed. All the Justices concur, except Nichols, Gunter and Ingram, JJ., who dissent from Division 2.*