## 49139. NOONER v. THE STATE.

CLARK, Judge.

This appeal from a burglary conviction contains two enumerations of error.

1. The first assignment contends the court erred in not granting motions for mistrial which were made when testimony of a state's witness during direct examination by the district attorney elicited the fact of a prior conviction and placed the accused's character in question.

This testimony came from an alleged accomplice who was a material witness for the state. He was a 17-year-old youngster who together with another 16-year-old youth had been hitchhiking when they were picked up by the defendant in South Carolina. During interrogation the district attorney established that the hitchhikers "sat in the front seat because there wasn't any room in the back" due to there being considerable items in the rear of the car. The following then occurred: "Q. Now, what did the defendant tell you, if anything, concerning his journey? A. Well, he said he was coming from California, and he had just gotten out of jail there and he was going—" (T. 37). At this point defendant's attorney moved for a mistrial on the ground that the defendant's character was thereby unlawfully injected in that the idea of the defendant being a criminal and having a record was thus implanted in the minds of the jurors. The motion was overruled.

As the direct examination of this alleged accomplice continued the district attorney elicited from him that defendant suggested the hitchhikers should join him "to break into a place" in a location which they selected from a map as "Folkston because it was close to the border of Florida and Georgia." (T. 39). This was followed by the district attorney questioning the witness as to the accused giving "any information about the other stuff he had in the back." After the court overruled the defense objection that this was not admissible because it brought defendant's character into evidence, it was developed that accused informed the two hitchhikers "That he had broken into a few other places along the way from California to Florida, and the one that he remembered the best is in Fayetteville, North Carolina, where he stole some guns—some antique guns." (T. 40). When the state rested, the defendant again moved for mistrial "on the ground that the defendant's prior record—his character— was drawn into this case." (T. 60). The court again overruled the motion.

(a) We are of the opinion that the court erred in denying the first mistrial motion dealing with the California imprisonment. In *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) the Supreme Court ruled that "evidence

which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." In this case at page 262 the Supreme Court said, "It is a fundamental principle in our system of jurisprudence, intended to protect the individual who is charged with crime, and to insure him of a fair and impartial trial before an unbiased jury, that the general character of the defendant and his conduct in other transactions is irrelevant unless the defendant chooses to put his character in issue. Code §§ 38-201, 38-202; *Green v. State,* 172 Ga. 635 (158 SE 285); *Hunter v. State,* 188 Ga. 215 (3 SE2d 729). It is universally recognized. . . that 'The general rule is, that, on a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort,* is irrelevant and inadmissible.' [Emphasis by the court.] [Cits.]" Among numerous cases holding similarly are *Barber v. State,* 95 Ga. App. 763 (98 SE2d 575); and *Wooten v. State,* 125 Ga. App. 635, 638 (1) (188 SE2d 409). This error entitles defendant to a new trial.

(b) The trial court was correct in denying the mistrial motion contesting statements by the accused to his accomplices concerning the other burglaries which he had committed just prior to the one in Folkston for which he was on trial. This evidence was competent in that it sought "to show a common design, scheme, plan, or purpose or some other rational connection with the offense for which he is being tried. [Cits.] " *Smith v. State,* 91 Ga. App. 360 (1) (85 SE2d 623). See also *Anderson v. State,* 222 Ga. 561, 563 (3) (150 SE2d 638), *Lumpkin v. State,* 228 Ga. 391, 392 (1) (185 SE2d 770), and *Hodges v. State,* 94 Ga. App. 772, 774 (2) (96 SE2d 312).

2. The second error enumerated contends the court erred in not granting defendant's motion for a directed verdict because the testimony of the alleged accomplice

was not corroborated.

The general principles dealing with this question are stated thusly in *McPherson v. State,* 96 Ga. App. 839 (1) (101 SE2d 750): "To sustain a conviction for a felony, the testimony corroborating that of the accomplice must be sufficient to connect the defendant with the perpetration of the crime and tend to show his participation therein. *King v. State,* 77 Ga. App. 539 (49 SE2d 196). Slight evidence that a larceny was committed by the defendant and identifying him with it will corroborate the testimony of an accomplice and warrant a conviction. *Evans v. State,* 78 Ga. 351. It is not essential that the corroborating evidence shall in and of itself corroborate the testimony of the accomplice in every material particular. *Dixon v. State,* 116 Ga. 186 (42 SE 357). The corroborating circumstances should, however, be such as would lead to the inference that the defendant is guilty independently of the accomplice's testimony. *Welborn v. State,* 25 Ga. App. 327 (103 SE 193)."

"While a conviction based entirely upon the testimony of an alleged accomplice, uncorroborated by other competent evidence, will not be allowed to stand, corroboration is peculiarly a matter for the jury, and sufficient corrobation may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice. [Cits.]" *Haire v. State,* 89 Ga. App. 629 (1) (80 SE2d 497). See also *Self v. State,* 108 Ga. App. 201, 202 (132 SE2d 548) and *Mears v. State,* 98 Ga. App. 576, 578 (5) (106 SE2d 854).

A reading of the transcript of the trial shows corroboration sufficient to meet all legal requirements. *Evans v. State,* 91 Ga. App. 819 (87 SE2d 228) and *Head v. State,* 123 Ga. App. 779 (182 SE2d 544) held there was sufficient corroboration in analogous circumstances. See also *McCrory v. State,* 101 Ga. 779 (28 SE 921).

Therefore, enumeration of error number two is without merit and the trial judge properly denied the motion for directed verdict.

Because a new trial is granted by reason of error in denying the mistrial motion discussed in Division 1,

judgment must be reversed.

*Judgment reversed. Bell, C. J., and Quillian J., concur.*

SUBMITTED MARCH 4, 1974 — DECIDED ARRIL 2, 1974.

*Schreiber, Rozier & Thomas, Ronald B. Thomas,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.