## 49721. MARTIN v. THE STATE.

Stolz, Judge.

The defendant appeals from his conviction of aggravated assault with intent to rob, for which he received a nine-year sentence, and from the overruling of his motion for new trial.

1. The enumeration of error on the overruling of the general grounds of the motion for new trial, is deemed to have been abandoned by the appellant's failure to support it by argument or citation of authority in either the brief or oral argument. See *Rodriguez v. Newby,* 131 Ga. App. 651 (5) (206 SE2d 585) and cits.

2. The trial judge did not err in admitting in evidence the courtroom identification merely because the witness had previously identified the prisoner in a post-indictment, pretrial lineup at a time when the prisoner was not represented by counsel. His lack of representation at the lineup alone, is not grounds for a new trial, since the right to counsel can be waived. *Walker v. State,* 226 Ga. 292, 294 (10) (174 SE2d 440) and cit.; *Ford v. State,* 227 Ga. 279, 281 (4) (180 SE2d 545) and cits.

The accused's refusal to sign the proffered written waiver of counsel, did not demand a finding of no waiver.

" 'The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.' Johnson v. Zerbst, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461, 146 ALR 357). The U. S. Court of Appeals for the Fifth Circuit quoted this language with approval in Molignaro v. Smith, 408 F2d 795, 798." *Geiger v. State,* 129 Ga. App. 488, 501 (199 SE2d 861). The record discloses that Martin was fully advised of his constitutional right to the benefit of counsel at the lineup, and that appointed counsel would be furnished him if he could not afford to hire counsel. The accused then not only failed to indicate that he wanted counsel, as was the situation in *Aiken v. State,* 226 Ga. 840, 846 (178 SE2d 202), but also affirmatively told the detective that he had no attorney, but did not need one because he had not done anything, and that he would go into the lineup, although he would not sign the waiver form. His previous record, developed on the presentence hearing, would indicate that he probably had been in a similar situation before. The trial judge was authorized to determine that a knowing and voluntary waiver of counsel was made.

Furthermore, an examination of all the facts and circumstances surrounding this lineup identification, reveals that it was not unnecessarily suggestive, as the appellant contends. Such pretrial confrontations require no per se exclusionary rule, but should be scrutinized to determine whether the lineup was "unnecessarily suggestive and conducive to irreparable mistaken identification," since it is the likelihood of misidentification which offends against due process and "the factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation." *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282) and cits. The witness-victim observed the defendant face-to-face for two to three minutes prior to the commission of the

crime, was able to describe him reasonably accurately about an hour later, and was able to pick him out of the lineup three weeks later after only a minute or so of viewing. Although the photograph of the lineup, introduced as State's Exhibit No. 1, is not included in the record, the testimony indicates that the lineup itself was not unnecessarily suggestive, in that the appellant was given his choice of positions, and the other five men in the lineup were all white males (as is the appellant) who were reasonably representative of the appellant's body size, age, and dress. See *Ramsey v. State,* 232 Ga. 15, 16 (1) (205 SE2d 286) and cits.

Accordingly, the evidence shows that the defendant, having been advised of his constitutional right to counsel, intelligently and voluntarily waived the presence of counsel at the police lineup, and that the courtroom identification by the witness was not tainted by the police lineup identification.

3. The defendant moved for a mistrial based on the following closing argument by the State: "Mr. Needham [the victim], obviously he's not an educated man, he owns a grocery store, works there to support his family. But people like the defendant don't work, when they need money they take a tear gas or some kind of chemical, or a bottle like this and they go into a man's store and steal or try to steal . . ." Even if the above argument was inflammatory and an unauthorized deduction or inference from the evidence, as the appellant contends, the harmful effect was removed by the trial judge's rebuke of the District Attorney and by corrective instruction, pursuant to Code § 81-1009. If the defendant's counsel deemed the instruction or admonition of the jury, plus the reprimand or rebuke of offending counsel, inadequate to remove the harmful effect, it was incumbent on him to request further instructions or renew his motion for mistrial, which he did not do. *Clyatt v. State,* 126 Ga. App. 779, 786 (192 SE2d 417) and cit.

4. The trial judge did not err in failing sua sponte to give cautionary instructions as to the contended uncorroborated accomplice testimony of witness Glenda Sue Salers. In *Callaway v. State,* 151 Ga. 342, 343 (106 SE

577), the Supreme Court approved the following charge: "The jury would not be authorized to convict upon the testimony of an accomplice *alone,* unless that accomplice's testimony is corroborated by other evidence in the case, either direct or circumstantial." (Emphasis supplied.) See also *Potter v. State,* 83 Ga. App. 713, 717 (64 SE2d 630) and cits. No such instruction was required as a matter of law in the present case, since the testimony of the accomplice *alone* was not relied on, there being also testimony of the victim, police detectives, and a customer of the victim who identified the defendant, and the in-court identification by the victim.

The judgment was not erroneous for any reason contended and argued, and the overruling of the motion for new trial was not error.

*Judgment affirmed. Eberhardt, P. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 6, 1974 — DECIDED
SEPTEMBER 23, 1974.

*B. L. Spruell,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Gordon Miller, Joel M. Feldman, Assistant District Attorneys,* for appellee.