### 31179. WATERS v. THE STATE.

UNDERCOFLER, Presiding Justice.

This appeal is from a murder conviction in Screven County, Georgia. The defendant, Willie Waters, raises three enumerations of error regarding the general grounds, the refusal of the court to give seventeen requested charges, and a comment by the court which Waters contends constituted an impermissible expression of opinion. We, however, find no merit to these contentions and affirm.

Waters had been shot by the victim, Arthur Bryant, Jr., ten years ago, and the two had successfully avoided each other until this Sunday afternoon. Waters had been gone from home since Saturday morning and the family was in need of groceries, so they flagged Bryant down as he passed on the highway and obtained a ride to the store, where Waters saw them in Bryant's company. When Waters arrived home, Bryant was just backing out of the driveway. Waters grabbed his shotgun and shot at him. Then he ran up the driveway reloading the gun, and took another shot which hit Bryant in the back of the head, killing him.

Waters' common-law wife, her daughter and son-in-law, and three friends who were in the car with

Waters testified against Waters at trial. Waters took the stand in his own defense and claimed he had always been afraid of Bryant and that he thought Bryant had a gun and was reaching for it when he shot in self-defense. The jury convicted him and sentenced him to life imprisonment.

1. The first enumeration of error raising the general grounds is clearly without merit. The evidence amply authorized the verdict. *Harris v. State,* 234 Ga. 871 (218 SE2d 583) (1975).

2. In his second enumeration, Waters complains that seventeen requested charges were refused by the trial court. Since defendant's requests numbered 13 to 17 were not argued or briefed, they are deemed abandoned under Rule 18 (c) (2). *Lavender v. State,* 234 Ga. 608 (216 SE2d 855) (1975). Requests to charge numbered 1, 2, 3, 7 and 8 involve the definition of murder, express and implied malice, and reasonable doubt and were adequately covered by the trial court in his charge. *Herrmann v. State,* 235 Ga. 400 (220 SE2d 2) (1975). The requested charges on voluntary and involuntary manslaughter (5, 12), and misfortune and accident (4, 6, 9, 10, 11) were not authorized by the evidence. *Burnett v. State,* 160 Ga. 593 (128 SE 796) (1925); *Griffin v. State,* 183 Ga. 775 (190 SE 2) (1937).

3. Waters' third enumeration of error cites the trial court for expressing an opinion on the evidence in violation of Code Ann. § 81-1104. *Wilson v. State,* 229 Ga. 224 (190 SE2d 78) (1972). However, since he neither objected nor made a motion for mistrial in the trial court, Waters may not raise this issue for the first time on appeal. *Spencer v. State,* 231 Ga. 705 (203 SE2d 856) (1974).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 21, 1976 — DECIDED JUNE 8, 1976.

*Ralph U. Bacon,* for appellant.

*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Assistant Attorney General,* for appellee.