## 53574. PITTS v. THE STATE.

SHULMAN, Judge.

Appellant was charged with murder and convicted of voluntary manslaughter. This appeal follows a denial of a motion for a new trial.

1. Appellant asserts that the verdict was against the weight of the evidence because the state failed to establish that the appellant had shot and killed the individual named in the indictment as the decedent.

"On appeal our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence. See *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461) (1974). 'It is our duty [on appeal] to determine whether the verdict as rendered can be sustained under any reasonable view taken of the proofs submitted to the jury.' *Ingram v. State,* 204 Ga. 164, 184 (48 SE2d 891) (1948); *Powell v. State,* 235 Ga. 208." *Jackson v. State,* 138 Ga. App. 208 (225 SE2d 763). There was sufficient evidence to conclude that the individual killed was in fact the same person named as decedent in the indictment.

2. Appellant alleges that the verdict was not warranted because there was not sufficient evidence to conclude that the defendant had intelligently waived constitutional rights for the purpose of making a confession. The record shows that a proper Jackson v. Denno hearing was conducted. No objection to the admission of the confession was made at that hearing or at the trial. We cannot say that there was not sufficient evidence to authorize the admission of the confession for

jury consideration.

3. Appellant maintains that the court erred in not granting a mistrial because of an allegedly prejudicial remark made by the district attorney. The record shows that the trial judge took corrective action and rebuked the district attorney pursuant to Code Ann. § 81-1009. "If the defendant's counsel deemed the instruction or admonition of the jury, plus the reprimand or the rebuke of offending counsel, inadequate to remove the harmful effect, it was incumbent on him to request further instructions or renew his motion for mistrial, which he did not do. [Cits.]" *Martin v. State,* 132 Ga. App. 658, 660 (209 SE2d 103). This argument must fail.

4. The jury was charged as follows: "...do not attempt any deliberations of the case until the bailiff hands you this bill of indictment and the other evidence in the case. Once this bill of indictment is handed by the bailiff to you through the door, along with the other evidence, then at that time, but not before, you may start your deliberations." Appellant contends that this charge constituted reversible error because an indictment is not evidence. "Standing alone, we think that the excerpt complained of does appear to be not only erroneous, but harmful; but after carefully looking at the charge as we have, and considering the part complained of in conjunction with the whole charge, we can not agree that the accused was injured by it." *Siegel v. State,* 206 Ga. 252, 253 (56 SE2d 512). See *Billups v. State,* 236 Ga. 922 (225 SE2d 887). The record shows that the jury was also instructed that "The indictment, along with the plea of not guilty, are not evidence and they are not to be considered by you as evidence." The charge complained of, although containing an inaccurate statement of the law, does not merit a new trial.

5. Appellant urges that a new trial is in order because of an allegedly prejudicial remark in the jury's presence. Code Ann. § 81-1104. Since appellant neither objected nor made a motion for mistrial in the trial court, appellant may not raise this issue for the first time on appeal. *Waters v. State,* 237 Ga. 64 (3) (226 SE2d 596).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MARCH 7, 1977 — DECIDED APRIL 5, 1977.

*Harris, McCracken, Pickett & Jackson, J. Roy McCracken,* for appellant.

*H. R. Thompson, District Attorney, Charles W. Cook, Assistant District Attorney,* for appellee.