## 55407. CRAYTON v. THE STATE.

DEEN, Presiding Judge.

Spencer Crayton appeals from his conviction for three counts of armed robbery and sentence of twenty years on Count 1 and ten years each on Counts 2 and 3 to be served consecutively in a state penitentiary.

1. Appellant's first enumeration raising the general grounds is without merit. There was more than sufficient evidence to authorize the jury verdict.

2. Appellant contends that the trial court erred in failing to grant a mistrial to appellant, sua sponte, when the prosecutor urged his personal belief of defendant's guilt. We find this contention totally without merit.

The three women victims testified that they drove up to a motel after returning from South Carolina and that appellant and another black male met them at their car, identified themselves as motel employees, and carried the women's luggage to their room. Appellant told the women that he and his companion would return to check the room's television set and air conditioner. About thirty minutes later the men returned and after checking the air conditioning, appellant pulled a gun, said: "This is a stickup" and told them that he and his friend were "detectives looking for drugs." The women were forced to lie on the floor, tied up, and a blanket was thrown over them. The men proceeded to ransack the room and took property belonging to all three women. Appellant testified that he was a drug courier and that one of the women was his contact. He stated that he took two packets

of drugs from her, but ran off instead of paying her. On cross examination, appellant refused to answer questions concerning the identity of his employers. The prosecutor then moved to strike appellant's testimony and the trial court stated that appellant refused to answer on the grounds that it may incriminate him. The prosecutor replied: "Well, I think he has already incriminated himself, your honor." The court ruled: "Go ahead." The prosecutor continued to question appellant without objection. We find no error in the trial court's ruling, but absent objection and motion for a mistrial, appellant may not raise the issue for the first time on appeal. *Waters v. State,* 237 Ga. 64 (226 SE2d 596) (1976).

3. Appellant also alleges that the trial court erred in failing to grant, sua sponte, a mistrial during the state's closing argument because the prosecutor commented on the failure of defense counsel to make an opening statement. This enumeration is without merit. *Ingram v. State,* 134 Ga. App. 935 (216 SE2d 608) (1975).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 1, 1978 — DECIDED MARCH 17, 1978.

*Stephen M. Friedberg,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Wallace J. Speed, Donald J. Stein, Assistant District Attorneys,* for appellee.