## 61620. SHUMAKE v. THE STATE.

Pope, Judge.

Chester Ricky Shumake was convicted of two counts of burglary. He enumerates as error the trial court's denial of his motion for a directed verdict of acquittal on both counts and the charge to the jury on recent possession of property taken as the result of a burglary.

Appellant and Randall Thrower were indicted on two counts of burglary, the first alleged to have occurred in October, 1978 and the second in September, 1978. As the result of the state's offer to recommend probation, Thrower pled guilty to both counts and testified on behalf of the state at appellant's trial. He testified that both he and appellant committed the subject burglaries; that the stolen property was kept at his, Thrower's, place of residence until sold; that he and appellant split the proceeds from the sale of these items equally between themselves; and that appellant drove a blue Ford Granada during the period of time these burglaries occurred.

1. Appellant's Enumerations Nos. 1 — 4 challenge the sufficiency of the evidence to sustain the verdict; he contends that Thrower's testimony, as that of an accomplice, was uncorroborated. " '(T)he testimony of a single witness is generally sufficient to establish a fact, except that to convict in any case of felony where the only witness is an accomplice, corroborating circumstances are required.' *Birt v. State,* 236 Ga. 815, 824 (255 SE2d 248) (1976). 'The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence. [Cit.]' *Hargrove v. State,* 125 Ga. 270, 275 (54 SE 164) (1906). *Birt v. State,* supra at 826. Although '(s)light evidence of corroboration connecting the defendant with the crime is sufficient' *(Pitts v. State,* 128 Ga. App. 434, 436 (197 SE2d 495) (1973)), where the defendant is charged with the commission of several offenses, there must be corroborating evidence for each offense charged." *Davis v. State,* 154 Ga. App. 803, 804 (269 SE2d 874) (1980).

(a) Count 1 of the indictment charged appellant with the October, 1978 burglary of the J. S. Millians residence in Newnan, Georgia. In addition to Thrower's testimony, the evidence in this regard showed that a police scanner and some costume jewelry were stolen from the Millians' residence; that Thrower offered to sell the scanner to Jimmy Hodnet but Hodnet refused because the price was

too high; that Thrower later sold the scanner to Hodnet at a lower price; and that Hodnet did not see appellant at any time during the negotiations and sale of the scanner but that at the time of the sale, Thrower arrived in a light blue car. A sheriff's deputy testified that appellant drove a blue Ford Granada.

" 'The law specifically lays down the rule that if the accomplice is corroborated in material parts of his testimony, then he may be believed by the jury as to other material parts as to which there is no corroboration . . . [I]f the accomplice is shown to be truthful (corroborated) as to certain material matters he may be believed without corroboration as to other material matters.' *Pitts v. State,* [supra at 435]. To this otherwise general rule of law there is an important exception. '(A) distinction must be made between evidence which tends to prove the truth of the accomplice's general testimony and that which tends to prove the identity and participation of the accused . . . [I]nsofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime.' *West v. State,* 232 Ga. 861, 865 (209 SE2d 195) [(1974)]. It is therefore necessary that the identity and participation of appellant be established by corroboration independent of the accomplice's testimony. The testimony offered by the state that [appellant owned a car resembling the one used by Thrower during the sale of the subject scanner] is not sufficient corroboration of the accomplice's testimony to prove identity and participation of the appellant. [Compare *Hill v. State,* 236 Ga. 831 (225 SE2d 281) (1976); *Mears v. State,* 98 Ga. App. 576 (5) (106 SE2d 854) (1958)]. The question of the sufficiency of corroboration is a jury question, yet an appellate court has the duty of determining as a matter of law whether there is any corroborating testimony of an accomplice. *Kilgore v. State,* 67 Ga. App. 391 (20 SE2d 187) [(1942)]. Here, there was no corroboration; the verdict of guilty [as to Count 1] cannot stand." *Boggus v. State,* 136 Ga. App. 917, 920 (222 SE2d 686) (1975).

(b) Count 2 of the indictment charged appellant with the September, 1978 burglary of the Richard Poston residence in Sharpsburg, Georgia. The state presented several witnesses who testified as to the circumstances surrounding their purchase of some of the items (including several guns and a CB radio) taken from the Poston residence. Each testified that both Thrower and appellant were present during the negotiations, although in some cases only Thrower was present at the time of sale. Nevertheless, one witness testified that Thrower put off the sale of some of the subject guns until appellant arrived; he observed Thrower handing appellant some of the money which was paid for the guns. Another witness

testified that he and Thrower and appellant haggled over the price of the CB radio and whether or not they would sell it to him on credit.

Although the testimony did not show any of the stolen items to have been in appellant's physical possession, the jury was authorized to find from the evidence that these items were in his constructive possession. *Wisdom v. State* 234 Ga. 650, 654 (217 SE2d 244) (1975). *Vaughn v. State,* 139 Ga. App. 565 (228 SE2d 741) (1976), relied upon by appellant, is factually distinguishable from the case at bar. The recent unexplained possession of stolen property is sufficient to corroborate the testimony of an accomplice. *Rosser v. State,* 156 Ga. App. 463 (1) (274 SE2d 812) (1980); *Dudley v. State,* 148 Ga. App. 560 (2) (251 SE2d 815) (1978). After reviewing all the evidence in the light most favorable to the state, we conclude that a rational trier of fact could have found appellant guilty of burglary on Count 2 beyond a reasonable doubt. *Rosser v. State,* supra.

2. In his final enumeration appellant cites as error the trial court's charge on recent possession. Appellant contends that his alleged possession of the stolen items was not shown to be "personal, conscious and exclusive." However, " 'possession may be personal and exclusive, although it is the joint possession of two or more persons.' " *Cheatham v. State,* 57 Ga. App. 858, 860 (197 SE 70) (1938). " ' "To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." (Cits.)' *Hawkins v. State,* 80 Ga. App. 496, 499 (2) (56 SE2d 315) (1949). Since the evidence in this case was sufficient to authorize a charge on constructive possession, it was not error to give a charge on recent possession." *Moore v. State,* 155 Ga. App. 721, 723 (272 SE2d 575) (1980).

Appellant further contends that the trial court erred by failing to distinguish between appellant's constructive possession and Thrower's "actual" or physical possession. However, the record discloses no request for such a charge. This court has held that " 'possession' . . . is a word well known and familiar to all laymen, and is in general use by them; they understand its meaning. It is so obvious until we cannot imagine the jury having any difficulty in applying it, or in having any doubt as to its meaning." *Williams v. State,* 129 Ga. App. 103, 106 (198 SE2d 683) (1973). "In the absence of request, the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal." *Dix v. State,* 238 Ga. 209, 215 (232 SE2d 47) (1977).

*Judgment affirmed as to Count 2; reversed as to Count 1. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JULY 2, 1981.

*Thomas H. Rogers, Jr.,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.