*Herbert Clay, solicitor-general,* contra.

---

### 8360.   MARSHALL *v.* THE STATE.

GEORGE, J.   1.  On the trial, on an indictment for the offense of assault with intent to rape, the court charged the jury that "The State must show that the act of the defendant constituted an attempt to have carnal knowledge of the female."   This charge, when considered with its context, is not subject to the exception that it intimated an opinion that "an act" by the defendant had been proved by the State.

2. There was no error in omitting to charge the jury on the law of assault, or assault and battery, these offenses, under the evidence, not being involved.   The accused denied that he committed any assault, or assault and battery, upon the female, and the evidence for the State, if credible, proved the felonious assault as alleged in the indictment.   See *Wade* v. *State,* 11 *Ga. App.* 411 (5) (75 S. E. 494).

3. Exception is taken to the following charge of the court:   "The State insists that the female in this case was under ten years of age, and therefore incapable of giving consent.   I charge you that if you find that the female was under ten years of age, and that there had been an effort on the part of this defendant to have carnal knowledge of her, forcibly and against her will, he would be guilty of an assault with intent to rape. If she had not reached the age of ten years in law she would not be capable of giving consent, and carnal knowledge of her on the part of

any one would constitute the offense of rape." The complaint is that the charge authorized the conviction of the defendant upon proof of an "effort," short of a physical assault, to have carnal knowledge of the female; that this and other excerpts from the charge authorized a conviction on proof of an effort to have carnal knowledge of her by mere words of persuasion. The court defined rape as "the carnal knowledge of a female, forcibly and against her will." The word "effort" could not have been understood by the jury to imply less than a physical act. "There is no word in the English language better understood by the people generally than 'effort,' and when told, in a trial for homicide, that an effort had been made to carry out threats, the jury undoubtedly understood the court to mean an attempt." 3 Words & Phrases, 23, 24.

4. The further assignments of error are without merit. The evidence was sufficient to authorize the conviction of the accused, and the trial judge did not err in overruling the motion for a new trial.

　　　　　*Judgment affirmed.* *Wade, C. J., and Luke, J., concur.*
　　　　　DECIDED MAY 11, 1917.

Indictment for assault with intent to rape; from Dougherty superior court—Judge Cox. December 29, 1916.

*R. J. Bacon, R. H. Ferrill,* for plaintiff in error.

*R. C. Bell, solicitor-general, F. A. Hooper,* contra.