## 13033.   BOOKER v. THE STATE.

Failure to charge the jury on the law of assault and battery was not ground for a new trial to one convicted of assault with intent to rape, where he denied that he committed an assault, or assault and battery, and the evidence for the State, if credible, proved the felonious assault alleged in the indictment.

DECIDED JANUARY 18, 1922.

Conviction of assault with intent to rape; from Bibb superior court — Judge Mathews.   October 24, 1921.

*Clements & Clements, Julian F. Urquhart, Hallie B. Bell,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J.   1.   In this case the accused claimed that he met the girl by appointment, and denied that he committed an assault or battery upon her.   The evidence for the State, if true, is sufficient to prove a felonious assault.   "There was no error in omitting to charge the jury on the law of assault, or assault and battery, these offenses, under the evidence, not being involved.   The accused denied that he committed any assault, or assault and battery, upon the female, and the evidence of the State, if credible, proved the felonious assault as alleged in the indictment.   See *Wade* v. *State,* 11 *Ga. App.* 411 (5) (75 S. E. 494)." *Marshall* v. *State,* 20 *Ga. App.* 72 (2) (92 S. E. 552).

2.   When considered in connection with the facts of the case and in the light of the entire charge of the court, there is no reversible error in any of the excerpts from the charge of which complaint is made in the special grounds of the motion for a new trial.

3.   The verdict is not without evidence to support it, and has the approval of the trial judge, and the judgment is

*Affirmed.   Broyles, C. J., and Luke J., concur.*