## 46280.  TERRELL v. THE STATE.

JORDAN, Presiding Judge. This is an appeal from a conviction and
sentence for a "Peeping Tom" offense (*Code Ann.* § 26-3002)
which allegedly occurred on Friday, September 18, 1970. *Held:*
1. The contentions of the accused that he was deprived of the effec-
tive assistance of counsel and of an effective Jackson v. Denno
type hearing (378 U. S. 368), that under the "totality of circum-
stances" the trial judge erred in determining that the purported
oral confession was voluntary, that the trial judge erred in find-
ing that the Miranda warning (384 U. S. 436) was adequate, and
in finding that the accused consciously waived his Miranda
rights, are unsupported by the record and transcript.
Although appointed counsel sought to delay the trial on the basis
that he was not ready, he stated that he had investigated the
circumstances and interviewed witnesses, and he conceded that
he had no legal grounds for continuance.
The district attorney, without waiting for any objection to the
admissibility of the confession, requested and obtained a Jack-
son v. Denno type hearing before the trial judge without a
jury. The sole witness for the State at this hearing, the Sheriff
of Montgomery County, testified that between 10 and 11 a.m.
on Tuesday, September 29, 1970, in following up a report of a
drunk man on a highway, he found the accused drunk, and
urinating in public view. He placed him in jail, provided him
with food and water, and the following day, when he was sober,
took him to the courthouse, and read to him a Miranda warn-
ing which he said he understood.
After the Miranda warning the sheriff questioned him about an
offense on a Saturday evening, as to which the accused offered
an alibi as to his whereabouts. The sheriff then took the ac-
cused back to the jail, and, assisted by a GBI agent, attempted
to verify the alibi and concluded from his investigation that it
was not true. That afternoon, on the porch of the jail, and in
the presence of the GBI agent, the sheriff told the accused that
he and the GBI had checked on his story and that it was false,
which the accused admitted. During questioning at this time
the accused agreed to accompany these investigators to the

scene of the "Peeping Tom" incident. Testimony showed that the telephone wires had been cut, air released from one tire on each of the two automobiles in the driveway, and the screens to two windows had been cut. In the words of the sheriff, "He said he would go and show us what he had done on that Saturday night and on Friday night of the weekend before." The sheriff further testified that he asked him several questions, including, "well what were you intending to do? Just see her naked?" to which the accused responded, "Yes, sir." The testimony further discloses the absence of any mistreatment, intimidation, or coercion. Counsel for the accused was afforded an opportunity to counter the sheriff's testimony, and stated he had no evidence to offer, following which the trial judge ruled the confession was voluntary.

Substantially the same evidence was thereafter adduced before the jury, and the accused elected to testify as a witness, after he and his counsel had stated that he understood his rights. In testifying he admitted that the sheriff had read a Miranda warning to him, and that he had falsely accounted for his whereabouts on the Saturday evening. He denied any confession in respect to any "Peeping Tom" incident, and denied assisting the investigator at the scene, although he did admit that he was taken there. There is nothing in his testimony to disclose any failure to understand the Miranda warning, or to show that any statements were coerced from him by unconstitutional methods, or in any way which would affect the validity or admissibility of any confession which he may have made. Instead, it appears that the real thrust of the defense was to create doubt whether in fact the accused did confess the incident, by putting in issue his credibility as a witness, as opposed to that of the sheriff, substantially corroborated by a GBI agent.

A careful reading of the record and transcript fails to disclose the reasonable possibility of a more adequate defense than presented by counsel, or any failure to exploit the available defense to protect the interests of the accused. In our opinion the unfortunate predicament in which the accused now finds himself is one which, if not inevitable, could be reasonably antici-

pated as the result of investigative procedures and a trial in keeping with constitutional standards. Within the confines of the standards it was the prerogative of the jury to determine who spoke the truth.

2. The evidence supports the verdict, and no error appears for any reason argued and insisted upon.

*Judgment affirmed. Quillian and Evans, JJ., concur.*
ARGUED JUNE 2, 1971—DECIDED JUNE 22, 1971.

*Thomas M. Jackson,* for appellant.
*Albert D. Mullis, District Attorney,* for appellee.