## 51326. NUCKLES v. THE STATE.

MARSHALL, Judge.

Appellant Nuckles was indicted for participating in an armed robbery of a service station attendant by the use of a shotgun and the taking of $7.40 in gasoline. He was convicted of robbery by intimidation and sentenced to ten years in a penitentiary. Nuckles enumerates nine alleged errors based on the denial of a motion for a new trial on general grounds and special grounds alleging failures to give requested charges, the reduction of the offense to theft by taking, and the reception of certain evidence. *Held:*

1. There was no error by the trial court in denying the motion for a new trial on general grounds. The testimony of a witness for the state established that she was present with appellant on December 8, 1974, when the two co-indictees, Holmes and Thomas, came to a house trailer occupied by Nuckles and the witness. She testified that during an afternoon of conversation she overheard Holmes state in Nuckles' presence that he (Holmes) wanted to commit a robbery. There was no evidence that Nuckles, though present, joined into that discussion. However, other evidence adduced by the state showed that the three defendants that same evening were seen getting into a car in which a shotgun was seen lying on the floor and Holmes was seen holding a second shotgun. Later that same evening, a car drove into the service area of a self-service gasoline station. The attendant testified that he was aware that a car was obtaining gasoline, but assumed the customer would come to the office and pay him, as was the customary procedure. The attendant heard someone come into the office area. Anticipating payment by the customer who had drawn the gas, the attendant looked up into the open end of a shotgun barrel. The attendant was directed to lie face down on the floor away from the cash register. The robber was unsuccessful in opening the cash register and fled when two customers drove into the station. The operators of these cars, in their combined testimony related they saw a man come out of the office holding a shotgun. One of them saw a second man in the parking lot holding what appeared to be

another long barrelled gun. Both of these observed men entered a car parked alongside the pumps and as the car departed, it appeared to have three men in it. These persons departed without paying the $7.40 of gasoline placed into the tank of the car. Sometime during that evening the three defendants returned to the trailer and a state's witness testified that she heard Holmes remark that all they got was some gas. Police officers testified Nuckles admitted in a subsequent statement to them that he rode with the others when they went to get the shotguns from a "stash car," and when they went to rob the service station. He denied knowledge of his co-defendant's plans to rob the service station. Such evidence was sufficient to warrant the jury's determination that the defendant Nuckles was guilty of robbery by intimidation.

2. During the trial, a state's witness was allowed to testify over objection that the co-indictee Holmes stated in her presence and the presence of Nuckles that Holmes wanted to commit a robbery and stated in her presence after the robbery that all they got was some gasoline. Appellant contends these extrajudicial statements made by Holmes were inadmissible because there was no evidence of a conspiracy or, assuming one, that Nuckles was a party thereto. It is for the jury to determine whether from the whole evidence, a conspiracy has been shown. *Coleman v. State,* 141 Ga. 731, 733 (82 SE 228). Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient, corroboration to support a verdict. *Hargrove v. State,* 125 Ga. 270, 274 (54 SE 164). It may be circumstantial as well as direct. *Weaver v. State,* 135 Ga. 317 (1) (69 SE 488). Declarations and conversation overheard between co-indictees in or out of the presence of the defendant are admissible. *Harris v. State,* 184 Ga. 382, 392 (191 SE 439). The acts, conduct, and statements of a conspirator, not only in the perpetration of a common criminal enterprise but in an effort at concealment, are admissible. *Byrd v. State,* 68 Ga. 661; *Rawlings v. State,* 163 Ga. 406 (2) (136 SE 448).

The evidence adduced by the state reasonably shows: a declaration by one of a group of three men that he

wanted to commit a robbery; that these three men obtained shotguns, entered a car and drove to a service station; that two of these men held shotguns while outside the car and one of them compelled the service attendant to lie prostrate on his face; that these men obtained $7.40 of gasoline and after pointing one of the guns at the attendant left without paying for the gas; that the three left together; that the guns were returned to the stash car; and later one of the three complained that they had only gotten gas. The evidence clearly authorized a jury determination of a conspiracy. The trial court did not err by admitting the testimony of the state's witness concerning the testimony of Holmes made in her presence and the presence of appellant Nuckles. *Hutchins v. State,* 229 Ga. 804 (1), 806 (194 SE2d 442).

3. Enumerations 3 and 4 complain of the judge's ruling allowing as evidence two admissions made by appellant to two separate police officers. Appellant does not dispute that in each instance a full and complete Miranda warning was given before he gave an oral statement to each officer. Appellant complains that the first statement was not voluntary. This complaint has been examined carefully and found without merit. *Wilson v. State,* 229 Ga. 395 (191 SE2d 783).

Appellant, when confronted with his first oral statement, then reduced to writing, stated he would not sign the statement until he had seen a lawyer. He had not prior to that time indicated a desire to see an attorney. All questioning ceased at that time and appellant was returned to another part of the police station. About 30 minutes later, another officer came to the police station to interrogate appellant about another crime involving theft of weapons. The second interrogator was not aware of the earlier interrogation or that appellant had mentioned an attorney. Appellant was given yet another full Miranda warning, admitted he was aware that the waiver form he executed stated he was entitled to an attorney, but made no mention of having asked for an attorney prior to signing the first statement. He stated to the second officer that he did not want an attorney but wanted to tell a straight story. Under these facts, appellant, having adequately been warned of his rights to remain silent and

to have counsel, consciously waived these rights. *Terrell v. State,* 124 Ga. App. 117 (183 SE2d 24). This enumeration is without merit.

4. In his fifth enumeration of error, appellant asserts prejudicial injection of his character into the trial proceeding by references to a "stash" car and a reference to the intent by one of the occupants of the trailer, not a co-indictee, to steal a car after the robbery, followed by a trip to Gainesville by the three co-indictees, and a subsequent "bust" of all three. The state offered this evidence to establish the circumstances of an existing conspiracy, both to show its inception prior to a robbery and a continuing common endeavor even after the robbery.

As to any implication that appellant was involved in other crimes, his statement as well as corroborative evidence offered by the state did not indicate, except by the sheerest of speculation, that a "stash" car was anything more than a place to store weapons. One could speculate the weapons were stolen or unregistered but a similar speculation is possible regardless of the storage place of such guns. Though the Jackson-Denno hearings disclosed the shotguns were indeed stolen, this information never came to the attention of the jury. The statement that one of the occupants of the trailer (not an indictee in this case) wanted to steal a car in Gainesville, and subsequently the three co-indictees, not including the one who wanted to steal a car, went to Gainesville and were arrested there, does not, except by speculation, indicate that appellant was a part of any plan to steal a car, nor is there any evidence that a car was stolen. Again the Jackson-Denno hearings reflected the arrest in Gainesville was for the theft of a battery, an offense totally unrelated to the offense charged. This information was never brought to the attention of the jury. If there was harm in these references, it is not apparent.

5. In the sixth enumeration, appellant contends that the evidence demanded a reduction in the charge from armed robbery to theft by taking. His principal argument is that the gas pumped into the car was not taken by force or violence and was not taken from the person or presence of the victim, thus the evidence could only support a theft

by taking.

The "taking" of the $7.40 of gasoline in this case did not occur until the victim, expecting payment, was ordered by one of the indictees, while looking into the end of a shotgun barrel, to forgo any idea of collecting the money due for the gasoline. Furthermore, the evidence is clear that the gasoline was under the charge and control of the attendant. The taking of the gasoline occurred on the premises for which he was responsible. Such fact also warrants the conclusion the gasoline was taken "in his presence." *Welch v. State,* 235 Ga. 243 (219 SE2d 151).

6. Enumerations 7, 8 and 9 all complain of the trial judge's refusal to give requested instructions. These requests included a charge on theft by receiving stolen property, theft by taking and attempted armed robbery. Appellant alleged in a statement given to the police officer that he did not knowingly or willingly participate in the robbery by intimidation. He also alleged at trial that the evidence failed to show a taking by force and from the presence of the service station attendant. He admitted, however, that gasoline had been wrongfully taken while he was present at the service station. He contends that this posture of the evidence gives rise to the lesser offenses of theft by receiving and theft by taking.

Divisions 1, 2 and 5 hold that the evidence supports a determination that appellant was a knowing and conscious participant in a robbery by intimidation. Moreover, his extrajudicial statements assert he was a mere bystander and innocent of any crime. Nothing of value was taken except the gasoline and appellant contended he was not an active party to that crime. Such a posture of evidence does not place in issue the lesser offenses of theft by taking or theft by receiving. There being no issue raised, there was no error in refusing those instructions. *Sims v. State,* 203 Ga. 668 (47 SE2d 862); *Booker v. State,* 28 Ga. App. 118 (110 SE 338).

As to the last request for an instruction on attempt, appellant bases this request on what appeared to be an unsuccessful attempt to rifle the cash register. Appellant was not charged with an attempt to empty the cash register but with using a shotgun to avoid payment for the gasoline. The evidence established that the offense

charged was consummated, thus eliminating the necessity to charge upon lesser offenses. *Robinson v. State,* 84 Ga. 674 (11 SE 544). We find no error in the trial court's refusal to give the requested charges.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED OCTOBER 7, 1975 — DECIDED
JANUARY 6, 1976.

*Smith, Smith & Frost, Steven P. Gilliam,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.