### 56906. EVANS v. THE STATE.

BIRDSONG, Judge.

Richard Evans was convicted of a criminal attempt to commit a burglary with another. He was sentenced to serve five years. He brings this appeal, enumerating five alleged errors. *Held:*

1. The first enumeration of error asserts, on the general grounds, that the evidence was insufficient to sustain the findings of guilt. We disagree. The jury was warranted in finding that a police officer, responding to an alert, observed Evans and another standing at a door of a grocery store and as the officer approached, the two men ran. Without ever losing sight of Evans, the officer apprehended Evans. When the door to the store was inspected, it showed unmistakable signs of attempted forcible entry. The second suspect, one Cox, testified that he and Evans were attempting to force entry into the store to burglarize it. This evidence clearly warrants the verdict of guilty by the jury. This enumeration is without merit.

2. Enumerations of error 2 and 3 are concerned with the charge of the court. Evans complains that the court

erred in failing to charge in the language requested as to a charge dealing with presence at the scene and as to a charge concerned with lesser included offenses. Failure to charge in the exact language requested, where the charge given substantially covered the same principle is not error. *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365); *Leutner v. State,* 235 Ga. 77, 81 (218 SE2d 820). The principles requested were covered in the charge of the court.

Appellant also complains that the charge on presence was burden shifting. The charge is not subject to that vice and correctly informed the jury that presence at the scene did not mandate participation in the crime charged. If Evans believed that a clarifying instruction was required, he did not make such a belief known to the trial court. Appellant has shown no error. *Pitts v. State,* 141 Ga. App. 845 (3) (234 SE2d 682); *Martin v. State,* 132 Ga. App. 658 (3) (209 SE2d 103).

As to the second charge dealing with the lesser offense of criminal trespass, Evans argues that in an instruction requiring a finding of not guilty as to attempted burglary as a predicate to a consideration of the lesser offense of criminal trespass is prejudicially restrictive. We do not concur. This is nothing more than an instruction that the jury should first consider the offense as charged, and then if the jury is not satisfied beyond reasonable doubt as to the principal offense of attempted burglary, then the jury could consider the lesser offense. Moreover, appellant denied any crime or being present with Cox at the scene. It would not have been error therefore if the trial court had declined to charge on the lesser offense altogether. *Pulliam v. State,* 236 Ga. 460, 466 (224 SE2d 8); *Nuckles v. State,* 137 Ga. App. 200, 204 (223 SE2d 245). See *Lundy v. State,* 139 Ga. App. 536, 540 (228 SE2d 717). These enumerations are without merit.

3. In Enumeration 4, Evans asserts that the trial court erred in granting the jury's request that the oral testimony of two witnesses be re-read in open court by the reporter after the jury has commenced deliberations. It has been recognized for more than a hundred years that it is permissible for the trial judge, in his discretion, to

permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. *Byrd v. State,* 237 Ga. 781, 782 (229 SE2d 631). In this case the trial court indicated his dislike of the procedure to the jury and further limited its impact by cautioning the jury that undue emphasis on the re-read testimony was improper. We find neither abuse of discretion nor error in the procedure followed.

4. In his fifth and final enumeration of error, Evans argues that the trial court erroneously considered prior convictions in the sentencing phase of the trial. He complains that he was not given sufficient notice and that as to two of the three convictions there was no showing that defendant Evans signed the guilty pleas or was represented by counsel. During the presentence phase, Evans took the stand. On cross examination, he did not deny the convictions, neither did he deny or admit that he was represented by counsel at the two trials which resulted in convictions. Evans was informed on the first day of trial that prior convictions would be offered by the state.

The purpose of prior notice is to allow the defendant to examine his record to determine whether the convictions entered thereon were in fact his, whether he was represented by counsel, and whether there might be any other defect that would render the documents inadmissible. *Herring v. State,* 238 Ga. 288, 290 (232 SE2d 826). In this case, Evans did not challenge the correctness of the convictions. He did not request a delay to inquire further into the convictions or explain extenuating circumstances. Moreover, each prior conviction showed a signature in the space normally reserved for the defense counsel's signature with the word "appointed" appended thereto. The trial court concluded that the documents established affirmatively that appellant was represented by counsel. We agree that such a conclusion is the most probable and reasonable. We are not aware that the admissibility of a prior conviction is dependent upon the defendant's signature where the conviction is otherwise established, appellant cites no authority for such a proposition, and we decline to establish such a requirement. Under all the attendant

circumstances, we are satisfied that the appellant was given sufficient time to examine the documents showing prior convictions and that they sufficiently indicated representation by appointed defense counsel. These enumerations are without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 31, 1978 — DECIDED NOVEMBER 20, 1978 — REHEARING DENIED DECEMBER 13, 1978.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Russell J. Parker, Assistant District Attorneys,* for appellee.