## 67243. POPE v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of theft by taking. On appeal he contends the trial court erred (1) by denying his motion for a directed verdict of acquittal; (2) by allowing his oral statement into evidence when he had not been given a summary of the statement after making a timely, written demand for such a summary pursuant to OCGA § 17-7-210 (Code Ann. § 27-1302); and (3) by considering his prior convictions for sentencing purposes without a showing that appellant was represented by counsel at the time of the prior convictions.

Appellant was observed driving a 1979 Lincoln Continental Town Car out of a fenced in service area at the John Bleakley Ford agency in Mableton, Georgia. The car was owned by Clifford M. Lee and had been taken to the Ford agency for some body work. When appellant was asked what he was doing in the car, he stated he was going to buy it and a salesman told him to take it for a test ride. No salesman had given appellant authority to take the car for a test ride, and the car was not for sale. When a deputy sheriff arrived and asked appellant for identification appellant had none and gave the deputy a false name. Subsequently, he gave a false name to two other law enforcement officers and gave them other apparently false information.

1. Appellant contends that because the state did not show that the car was beige and did not prove the license number, as alleged in the indictment, there was a fatal variance between the allegations and the proof. Thus, he argues it was error to deny his motion for a directed verdict of acquittal.

Although the state did not establish that the stolen car was beige or that its license number was SWS 323, as alleged, the state did prove that appellant took a Lincoln Continental Town Car from John Bleakley Ford, with the intention of depriving the owner, C. M. Lee, of the car. We have held that where there is some evidence of the stolen property which is substantially conformable to the description in the indictment, and nowhere contradictory thereof, the identity of the stolen property is a matter addressed peculiarly and solely to the jury, and in such case there is no fatal variance between the allegations and the proof. *Burkett v. State,* 133 Ga. App. 728, 731 (3) (212 SE2d 870) (1975).

A trial court must grant a motion for a directed verdict of acquittal unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Lee v. State,* 247 Ga. 411, 412 (6) (276 SE2d 590) (1981). We find that a rational trier of

fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Thus, it was not error to deny appellant's motion for a directed verdict of acquittal.

2. Appellant contends it was error to allow testimony of the deputy sheriff that appellant gave a false name in response to the deputy's request for identification. Appellant had made a timely, written demand pursuant to the provisions of OCGA § 17-7-210 (Code Ann. § 27-1302) for a summary of any oral in-custody statements made by appellant. He argues that giving a false name in response to the deputy sheriff's request for identification was an oral, in-custody statement, and since a summary of that statement was not provided him as demanded, it was error to allow the deputy, over objection, to testify that appellant gave a false name when asked for identification.

Pretermitting the question of whether appellant was in custody at the time he gave a false name to the deputy, a patrol lieutenant from the sheriff's office testified, without objection, that after advising appellant of his rights appellant was asked his name, and he stated it was Nathaniel Willis. Detective Copeland also testified, without objection, that appellant gave him a false name and other information about appellant's uncle. Summaries of these latter statements were provided to appellant pursuant to his written demand. Thus, even if the deputy sheriff's testimony was inadmissible, proof of the same facts by legally admissible evidence renders harmless the admission of inadmissible evidence. *Robinson v. State,* 229 Ga. 14, 16 (1) (189 SE2d 53) (1972).

3. Lastly, appellant contends the trial court erred by considering evidence of prior convictions of appellant without a showing by the state that appellant was represented by counsel at the time of his prior convictions.

The transcript shows that during the sentencing phase of appellant's trial the prosecuting attorney submitted certified copies of five previous convictions of appellant, four for motor vehicle theft and one for felony theft by taking. In sentencing appellant the trial court stated that "it appears he has a lengthy record of motor vehicle theft. I will sentence Mr. Pope to five years and require that he serve those five years . . ." Appellant made no objection when the prosecuting attorney gave certified copies of appellant's prior convictions to the court.

The instant case was tried on December 16, 1982. The record contains a copy of a notice served on appellant's counsel on December 9, 1982 and filed in court on December 10, 1982 that for the purpose of sentencing, the prior convictions would be introduced as aggravating

circumstances to be considered by the court. "The purpose of prior notice is to allow the defendant to examine his record to determine whether the convictions entered thereon were in fact his, *whether he was represented by counsel,* and whether there might be any other defect that would render the documents inadmissible." (Emphasis supplied.) *Evans v. State,* 148 Ga. App. 422, 424 (4) (251 SE2d 325) (1978). Since appellant was put on notice in sufficient time to make any objection to the admissibility of the prior convictions and he failed to do so, we find no error in the trial court's consideration of those convictions in determining an appropriate sentence for appellant.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1984.

*Joel E. Dodson,* for appellant.
*Frank C. Winn, District Attorney, Richard S. Thompson, Assistant District Attorney,* for appellee.